## RONALD G. SUTTON *v.* RAYMOND M. LOPES, COMMISSIONER OF CORRECTION (12626)

PETERS, C. J., SHEA, DANNEHY, CALLAHAN and BRENNEMAN, Js.

Argued November 13, 1986—decision released February 24, 1987

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (respondent).

*Denise Dishongh,* deputy assistant public defender, with whom, on the brief, were *Joan A. Leonard* and *G. Douglas Nash,* assistant public defenders, for the appellee (petitioner).

CALLAHAN, J. This is a petition for habeas corpus challenging the calculation of the petitioner's statutory

presentence credit. The respondent has appealed from the judgment of the trial court ordering that the petitioner's time spent in custody under a sentence later vacated and declared void be credited as presentence time rather than as time served on a sentence.

The relevant facts are undisputed. On June 22, 1979, the petitioner was arrested and committed to the custody of the commissioner of correction in lieu of bond in connection with the rape of a fourteen year old Wallingford girl. In a substitute information, he was charged with sexual assault in the first degree in violation of General Statutes § 53a-70,[1] kidnapping in the second degree in violation of General Statutes § 53a-94,[2] and threatening in violation of General Statutes § 53a-62.[3] The petitioner pleaded guilty under the *Alford*[4] doctrine. On August 14, 1981, he was sentenced to three concurrent sentences: seven to twelve years on the first two counts, and one year on the third count, for a total effective sentence of not less than seven years nor more than twelve years.

Subsequently, the petitioner filed a petition for a writ of habeas corpus. *Sutton* v. *Warden,* Superior Court, judicial district of Hartford-New Britain at Hartford,

---

[1] "[General Statutes (Rev. to 1979)] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or (2) by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person. . . ."

[2] "[General Statutes] Sec. 53a-94. KIDNAPPING IN THE SECOND DEGREE: CLASS B FELONY. (a) A person is guilty of kidnapping in the second degree when he abducts another person. . . ."

[3] "[General Statutes] Sec. 53a-62. THREATENING: CLASS A MISDEMEANOR. (a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury . . . ."

[4] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Docket No. 266428 (November 30, 1981), claiming that the sentences were imposed illegally in violation of the provisions of General Statutes § 53a-35 (c) (2).[5] On April 28, 1982, the trial court concluded that the petitioner's sentences were void. The petitioner was allowed to withdraw his prior guilty pleas, and he entered pleas of not guilty to each of the three counts included in the substitute information, electing to be tried by a jury. See *State* v. *Sutton,* 197 Conn. 485, 487–94, 498 A.2d 65 (1985), cert. denied, 474 U.S. 1073, 106 S. Ct. 833, 88 L. Ed. 2d 804 (1986). On October 4, 1982, the petitioner was found guilty on each of the three counts included in the substitute information. The trial court sentenced the petitioner to three consecutive sentences: seven and one-half years to fifteen years on each of the first two counts, and one year on the third count, for a total effective sentence of not less than sixteen years nor more than thirty-one years.

The petitioner has remained in the custody of the respondent from June 22, 1979, the date of his arrest, to the present. The relevant periods of the petitioner's

[5] General Statutes (Rev. to 1979) § 53a-35 (c) (2) provides: IMPRISONMENT FOR FELONY: INDETERMINATE; MAXIMUM AND MINIMUM SENTENCES. . . . (c) Except as provided in subsection (d) the minimum term of an indeterminate sentence shall be fixed by the court and specified in the sentence as follows . . . (2) for a class B, C or D felony the court may fix a minimum term of not less than one year nor more than one-half of the maximum term imposed, except that (A) where the maximum is less than three years the minimum term may be more than one-half the maximum term imposed or (B) when a person is found guilty under section 53a-59 (a) (1), section 53-59a, 53a-101 (a) (1) or 53a-134 (a) (2), the minimum term shall be not less than five years and such sentence shall not be suspended or reduced, or when a person is found guilty under section 53a-60c, the minimum term shall be not less than three years and such sentence shall not be suspended or reduced, or when a person is found guilty under section 53a-60b, the minimum term shall be not less than two years and such sentence shall not be suspended or reduced."

See *State* v. *Sutton,* 197 Conn. 485, 487–94, 498 A.2d 65 (1985), for a full discussion of proceedings relating to the petitioner's first habeas corpus petition.

confinement have been summarized by the parties as follows: (1) June 22, 1979, to August 14, 1981, confinement from date of arrest to date of first sentence; (2) August 14, 1981, to May 11, 1982, time served under first sentence to the date the sentence was vacated;[6] (3) May 11, 1982, to October 5, 1982, confinement prior to imposition of second sentence; (4) October 5, 1982, to September 10, 1985, confinement under second sentence.[7] Subsequent to the October 5, 1982 sentences, the respondent recalculated the petitioner's sentence credits to reflect the new sentences. On March 26, 1984, the petitioner filed this petition for a writ of habeas corpus challenging the respondent's method of computing the petitioner's sentence credits with respect to the second time period outlined above.

The principal issue before the habeas court, and now before this court, is what type of statutory sentence credit is appropriate for time spent in custody serving a sentence that was later vacated and declared void. The petitioner argues that the time served on the vacated sentence is presentence confinement and that General Statutes § 18-97[8] should apply for purposes of

---

[6] Although the petitioner's sentence was declared void on April 28, 1982, it was not until May 11, 1982, that the sentence mittimus on the first sentence was substituted with a continuance mittimus committing the petitioner to the custody of the respondent in lieu of bond.

[7] On September 10, 1985, this court set aside the sentence imposed on October 5, 1982, and remanded the case for resentencing. *State* v. *Sutton,* 197 Conn. 485, 498 A.2d 65 (1985).

[8] "[General Statutes] Sec. 18-97. CONFINEMENT UNDER A MITTIMUS: PRESENTENCE CONFINEMENT CREDIT PRIOR TO JULY 1, 1981. Any person receiving a fine or a sentence to a correctional institution or a community correctional center for an offense committed prior to July 1, 1981, shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit upon the order in the case of a fine, and upon the mittimus in the case of

the time calculation. General Statutes § 18-97, which governs pretrial confinement credit for offenses committed prior to July 1, 1981, permits multiple crediting of presentence time in certain cases. Cf. General Statutes § 18-97d. Under this provision, therefore, since the petitioner is presently serving an effective sentence of thirty-one years on three separate consecutive sentences, he would receive multiple credit on his new sentence. See *Delevieleuse* v. *Manson,* 184 Conn. 434, 439, 439 A.2d 1055 (1981). The respondent, however, argues that General Statutes § 53a-38 (c)[9] applies and that it provides that only "time served" on the vacated sentence be credited against the new sentence. Under this latter section, the credit would be calculated on a one for one basis since the new sentence would be calculated as having begun to run on the date of the commencement of the vacated sentence.

a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk of the court of the proper amount of such credit. In the case of a fine each credit day shall be computed at the rate of ten dollars. In no event shall credit be allowed in excess of the fine or sentence actually imposed."

See also: "[General Statutes] Sec. 18-98. CONFINEMENT WHERE BAIL UNOBTAINABLE: PRESENTENCE CONFINEMENT CREDIT PRIOR TO JULY 1, 1981. Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned for an offense committed prior to July 1, 1981, is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correction shall, if such person has conformed to the rules of the institution, credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies such person was confined between the denial of bail to him or his inability to obtain bail and his imprisonment."

[9] General Statutes § 53a-38 (c) provides: "When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such a person for the same offense or for an offense based on the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time served under or credited against the vacated sentence shall be credited against the new sentence."

The trial court, relying on our decision in *Moscone* v. *Manson,* 185 Conn. 124, 127–28, 440 A.2d 848 (1981), rejected the respondent's interpretation of General Statutes § 53a-38 (c). It ordered the respondent to allow the petitioner presentence credit for the period June 22, 1979, the date of the petitioner's arrest, to October 5, 1982, the date the second sentence was imposed. We find no error.

General Statutes § 53a-38 (c) provides: "When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such a person for the same offense or for an offense based on the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time served under or credited against the vacated sentence shall be credited against the new sentence." It is well established that "[c]redit for time previously served is constitutionally mandated by the double jeopardy clause of the fifth amendment of the United States constitution which is enforceable in state courts through the fourteenth amendment. *North Carolina* v. *Pearce,* 395 U.S. 711, 718–19, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969); *Benton* v. *Maryland,* 395 U.S. 784, 794–96, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969)." *Moscone* v. *Manson,* supra, 126–27. General Statutes § 53a-38 (c), in keeping with the mandate of *North Carolina* v. *Pearce,* supra, is a general statutory provision which requires that a prisoner be given full credit for time served on a vacated sentence. *Moscone* v. *Manson,* supra, 131. It "does not specify what type of 'credit' it refers to." Id., 133 (*Healey, J.,* concurring).

Although we did not directly address in *Moscone* whether time spent in custody pursuant to a sentence which is later vacated is subject to "time served" credit or "presentence credit," we did indicate that the plain language of § 53a-38 (c) requires only that some form of credit for time served be awarded, and that it is

irrelevant to any other statutory credit. *Moscone* v. *Manson,* supra, 131–32. Therefore, as the trial court correctly concluded, General Statutes § 53a-38 (c) does not bar crediting the time period in question as presentence confinement.[10] This conclusion is supported by the constitutional mandate of *North Carolina* v. *Pearce,* supra, 721, which rests " 'upon the premise that the original conviction has, at the defendant's behest, been *wholly nullified and the slate wiped clean. . . .* ' " (Emphasis added.) *Moscone* v. *Manson,* supra, 131. Viewed from this perspective, we cannot say that the trial court erred in concluding that any confinement prior to the time a sentence is vacated and declared void should be characterized as presentence confinement and credited pursuant to General Statutes § 18-97. See *North Carolina* v. *Pearce,* supra; cf. *King* v. *United States,* 98 F.2d 291, 293–94 (D.C. Cir. 1938).

There is no error.

In this opinion the other justices concurred.

[10] We noted in *Moscone* v. *Manson,* 185 Conn. 124, 132 n.5, 440 A.2d 848 (1981), that in addition to separate good time credits, "the legislature has provided presentence confinement credit and good conduct credit for time served 'in a community correctional center' by a person 'who was denied or unable to obtain bail.' General Statutes §§ 18-98 and 18-98c." The United States Supreme Court decision in *North Carolina* v. *Pearce,* 395 U.S. 711, 719 n.13, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), also indicated that the credit required for punishment already exacted is not limited to "time served credit," but included "time credited . . . for good behavior, etc."