WILLIAM TOBY WRIGHT, SR. *v.* COMMISSIONER
OF CORRECTION
(13898)

SHEA, CALLAHAN, COVELLO, HULL and BORDEN, Js.

Argued June 7—decision released August 14, 1990

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellant (respondent).

*Michael J. Isko,* deputy assistant public defender, with whom was *John W. Watson,* assistant public defender, for the appellee (petitioner).

HULL, J. The sole issue in this appeal is whether seven day job credit (job credit) provided by General Statutes § 18-98a and outstandingly meritorious performance credit (OMP credit) provided by General Statutes § 18-98b earned during a subsequently vacated sentence must be credited against a new sentence imposed for the same offense. We conclude that affording such credit is constitutionally mandated by the double jeopardy clause of the United States constitution. Accordingly, we affirm the judgment of the trial court.

The following stipulated facts are relevant to this appeal. On May 27, 1982, the petitioner, William Toby Wright, Sr., was committed to the custody of the respondent, the commissioner of correction, to serve a sentence of twenty-five years to life imprisonment for the crimes of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1) and being a persistent dangerous felony offender in violation of General Statutes (Rev. to 1981) § 53a-40 (a). The peti-

tioner was thereafter incarcerated at the correctional institution at Somers where he held a job during the period September 1, 1982, through March 10, 1986. As a result of his employment, he received 147 days of credit against his sentence pursuant to General Statutes § 18-98a.[1] On November 17, 1983, the petitioner also received sixty days of OMP credit against his sentence pursuant to General Statutes § 18-98b.[2]

On January 14, 1986, this court set aside the petitioner's judgment of conviction and ordered a new trial. *State* v. *Wright*, 198 Conn. 273, 502 A.2d 911 (1986). The petitioner subsequently pleaded guilty to manslaughter in the first degree and to being a persistent dangerous felony offender and received a sentence of fifteen to thirty years imprisonment. In calculating the

---

[1] General Statutes § 18-98a provides: "Each person committed to the custody of the commissioner of correction who is employed within the institution to which he was sentenced . . . for a period of seven consecutive days, except for temporary interruption of such period as excused by the commissioner for valid reasons, may have one day deducted from his sentence for such period, in addition to any other earned time, at the discretion of the commissioner of correction."

[2] General Statutes (Rev. to 1983) § 18-98b provides: "In addition to any commutation or diminution of sentence or any meritorious time service award which may have been granted under section 18-7 or 18-53 any inmate committed to the custody of the commissioner of correction for a definite term, or for a term with a minimum sentence imposed, may have not more than one hundred and twenty days deducted from any one continuous term of imprisonment as an outstandingly meritorious performance award in the discretion of the commissioner of correction for exceptional personal achievement, accomplishment and other outstandingly meritorious performance, provided . . . any serious act of misconduct or insubordination or refusal to conform to institution regulations occurring at any time during his confinement shall subject the prisoner, at the discretion of the warden and the commissioner, to the loss of all, or any portion, of any time awarded under this section. When any prisoner is held under more than one conviction the several terms of imprisonment imposed thereunder shall be construed as one continuous term for purposes of determining eligibility for any outstandingly meritorious performance award authorized by this section."

petitioner's sentence, the respondent treated the time the petitioner had served on the vacated sentence as presentence confinement time and did not deduct the job credit or OMP credit that the petitioner had previously received.

The petitioner thereafter filed an amended petition for a writ of habeas corpus, alleging illegal confinement as a result of the respondent's failure to deduct the job and OMP credits from his sentence. The trial court granted the amended petition and ordered the respondent to deduct the credits from the petitioner's sentence. The court concluded that the double jeopardy clause of the United States constitution mandates the order conferring the credits. On the granting of certification, the respondent appealed this judgment to the Appellate Court; we subsequently transferred the appeal to ourselves pursuant to Practice Book § 4023.

The respondent maintains that the trial court should not have ordered a reduction in the petitioner's sentence for the job and OMP credits he earned while serving the subsequently vacated sentence. The basis of the respondent's argument is the plain language of §§ 18-98a and 18-98b that limits entitlement of the provisions' respective credits to sentenced inmates, i.e., § 18-98a provides for credit to an inmate "who is employed within the institution *to which he was sentenced*" and § 18-98b provides for credit to an inmate "committed to the custody of the commissioner of correction *for a definite term,* or *for a term with a minimum sentence imposed* . . . . " (Emphasis added.) The respondent claims that, since the petitioner's original conviction and sentence were vacated, the petitioner was necessarily not a "sentenced" inmate until the imposition of the valid sentence and was, therefore, not entitled to the credits provided by §§ 18-98a and

18-98b.[3] We agree with the respondent that, in calculating the petitioner's sentence, the respondent properly treated the petitioner's sentence as commencing on the date the valid sentence was imposed. See *Casey* v. *Commissioner of Correction,* 215 Conn. 695, 577 A.2d 1051 (1990); *Sutton* v. *Lopes,* 202 Conn. 343, 521 A.2d 147 (1987). We conclude, however, that the petitioner was nonetheless constitutionally entitled to a reduction in his sentence for the job and OMP credits he had received while serving the subsequently vacated sentence.[4]

It is true that, read literally, §§ 18-98a and 18-98b do not apply to presentence inmates. It is also true

---

[3] The respondent supplements his argument with the claim that, because this court's decision in *Sutton* v. *Lopes,* 202 Conn. 343, 349, 521 A.2d 147 (1987), requires that the petitioner's original conviction be treated as "wholly nullified," the respondent may deduct from the petitioner's sentence only those credits to which a presentence inmate is entitled. The respondent's reading of *Sutton* is broader than the language therein warrants. In that case, we held that time served on a vacated sentence may be treated as presentence time for the purpose of calculating statutory good time credit. Id.; see also *Casey* v. *Commissioner,* 215 Conn. 695, 577 A.2d 1051 (1990). We stated, quoting *North Carolina* v. *Pearce,* 395 U.S. 711, 721, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled in part on other grounds, *Alabama* v. *Smith,* 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), that because " ' "the original conviction ha[d], at the defendant's behest, been wholly nullified and the slate wiped clean . . ." ' " the trial court had not improperly characterized the period of confinement on the invalid sentence as presentence confinement. *Sutton* v. *Lopes,* supra. Despite the respondent's contention to the contrary, *Sutton* does not stand for the proposition that the punishment exacted and the credits afforded pursuant to the vacated conviction had likewise been nullified.

[4] General Statutes § 53a-38 (c) provides: "When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such person for the same offense or for an offense based on the same act . . . *all time served under or credited against the vacated sentence shall be credited against the new sentence.* " (Emphasis added.) We are precluded from relying on this language to dispose of the present issue, however, because this court has previously construed this statute to relate "only to credit for time served pursuant to the vacated sentence[; see General Statutes § 18-7a;] and is irrelevant to any other statutory credit." *Moscone* v. *Manson,* 185 Conn. 124, 132 and n.5, 440 A.2d 848 (1981).

that this court will not ordinarily construe a statute whose meaning is plain and unambiguous. *Moscone* v. *Manson,* 185 Conn. 124, 128, 440 A.2d 848 (1981); *Delevieleuse* v. *Manson,* 184 Conn. 434, 438–39, 439 A.2d 1055 (1981). "This rule of statutory construction does not apply however if . . . a literal reading places a statute in constitutional jeopardy. We are bound to assume that the legislature intended, in enacting a particular law, to achieve its purpose in a manner which is both effective and constitutional." *Moscone* v. *Manson,* supra.

The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. This constitutional guarantee is applicable to the states through the due process clause of the fourteenth amendment; *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); and has been held to consist of three separate guarantees. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled in part on other grounds, *Alabama* v. *Smith,* 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989). The last of these protections is the focus of our inquiry.

The United States Supreme Court has held that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." Id., 718–19. In explaining the scope of its holding, the court stated that "[s]uch credit must, of

course, include the time credited during service of the first prison sentence for good behavior, etc." Id., 719 n.13. The job and OMP credits received by the petitioner in the instant case are analogous to good behavior credit and are therefore subject to the constitutional requirement set forth in *North Carolina* v. *Pearce.* We refuse, therefore, to follow the suggestion of the respondent that §§ 18-98a and 18-98b be read to apply only to an inmate serving a sentence pursuant to a valid conviction. To do so would violate the constitutional mandate of *North Carolina* v. *Pearce* by denying an inmate full credit for punishment already exacted in cases such as this one, where the credits were earned while serving a subsequently vacated sentence. We conclude that the trial court properly determined that the petitioner, having received job and OMP credits while serving a subsequently vacated sentence, was constitutionally entitled to have those credits applied to his new valid sentence for the same offenses.

The judgment of the trial court is affirmed.

In this opinion CALLAHAN, COVELLO and BORDEN, Js., concurred.

SHEA, J., concurring. I do not disagree with the conclusion of the majority that double jeopardy principles require that the petitioner be given the credits he has earned. I do not believe it is necessary to reach the constitutional issue, however, because General Statutes § 53a-38 (c)[1] plainly provides that "all time . . . credited against the vacated sentence shall be credited

[1] General Statutes § 53a-38 (c) provides: "When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such a person for the same offense or for an offense based on the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time served under or credited against the vacated sentence shall be credited against the new sentence."

against the new sentence." It is undisputed that the seven day job credit and outstandingly meritorious performance credit had been earned by the petitioner with respect to the vacated sentence and had been credited on that sentence accordingly. It follows inescapably that those credits must be applied pursuant to § 53a-38 (c) against the new sentence.

The majority, in footnote 4 of its opinion, explains its reluctance to rely on the plain language of § 53a-38 (c) by referring to our statement in *Moscone* v. *Manson,* 185 Conn. 124, 131–32, 132 n.5, 440 A.2d 848 (1981), that "§ 53a-38 (c) relates only to credit for time served pursuant to the vacated sentence and is irrelevant to any other statutory credit." In *Moscone,* however, this court considered only the first part of § 53a-38 (c), requiring that "the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced." In order to avoid a conflict with the constitutional principle of double jeopardy, as expounded in *North Carolina* v. *Pearce,* 395 U.S. 711, 718–19, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled in part on other grounds, *Alabama* v. *Smith,* 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), we held that this provision must be interpreted not to deprive a prisoner of the benefit of more favorable good time legislation enacted after imposition of his first sentence, which had been vacated on appeal.

Our general reference to § 53a-38 (c) as "irrelevant to any other statutory credit" must be read in the context of preceding references in the opinion to "the opening words of § 53a-38 (c)"; *Moscone* v. *Manson,* supra, 127; and to "the earlier language" of that statute. Id., 131. We expressly limited our decision in *Moscone* to the first provision of § 53a-38 (c), requiring calculation of the new sentence "as if it had commenced at the time the vacated sentence commenced," by declar-

ing: "The issue raised by the present litigation *is not* § 53a-38's provision of credits for time previously served, a provision which can readily be accommodated to either version of good time credits." (Emphasis added.) Id., 127. Implicitly we recognized that the concluding provision of § 53a-38 (c), that "all time served under *or credited against* the vacated sentence shall be credited against the new sentence" (emphasis added), would apply to good time previously credited regardless of changes in the circumstances under which it had been earned.

Because the plain language of § 53a-38 (c) bars the commissioner from reneging on good time properly allowed at the time it was credited on a vacated sentence, I would affirm the judgment of the trial court without addressing the constitutional issue and thus I concur in the judgment. See *State* v. *DellaCamera,* 166 Conn. 557, 560–61, 353 A.2d 750 (1974) ("Constitutional issues are not considered unless absolutely necessary to the decision of a case . . . or unless sufficient public interest warrants such a review.").