[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REVISED MEMORANDUM OF DECISION[1]
This petition for a writ of habeas corpus alleging illegal confinement claims that the Commissioner of Correction has not properly calculated the various credits applicable to the petitioner's sentence.
The parties have stipulated to the following facts:
The petitioner is currently held and confined by the respondent pursuant to a mittimus issued May 29, 1990 by the Superior Court, Judicial District of New Haven, Docket Number CR7-72733 JD, for:
 in Count Four, a term of imprisonment of not less than 7 1/2 nor more than 15 years for the crime of Larceny in the First Degree, C.G.S. 53a-8, 53a-119
and 53a-122(a)(2);
 in Count One, a term of imprisonment of not less than 7 1/2 nor more than 15 years for the crime of Conspiracy to Commit Larceny in the First Degree, C.G.S. 53a-48 and 53a-122(a)(2), to be served CT Page 7104 consecutively to the sentence imposed in Count Four;
 in Count Three, a term of imprisonment of not less than 2 1/2 nor more than 5 years for the crime of Burglary in Third Degree, to be served concurrently with the sentences imposed in Counts One and Four;
 For a total effective sentence of not less than 15 nor more than 30 years. (Stipulation para. 1). The petitioner is also subject to additional sentences as follows:
 Mittimus issued March 21, 1986 by the Superior Court, Judicial District of New Haven, Docket No. CR6-203590 JD for a term of imprisonment of not less than 10 nor more than 20 years for the crime of Conspiracy to Commit Murder, C.G.S. 53a-48, 53a-54(a), to be served consecutively to the sentence imposed in Docket No. CR7-72733 JD. (Stipulation para. 1.b.)
 Mittimus issued March 21, 1986 by the Superior Court, Judicial District of New Haven, Docket No. CR6-243748 JD for a term of imprisonment of 5 years for the crime of Failure to Appear in the First Degree, C.G.S. 53a-172, to be served concurrently with the sentence imposed in Docket No. CR6-203590 and Consecutively to the sentence imposed in Cr7-72733 JD. (Stipulation para. 1.c.)
 The sentence in Docket No. CR7-72733 JD is currently being served. The sentences in Docket No. CR-203590 JD and Docket No. CR6-243748 JD, above, are consecutive to the sentence structure at issue, have not yet been executed, and have no bearing on the issues raised by the petition. No credits of any kind have yet been applied to the sentences in Docket No. CR6-203590 JD and Docket No. CR6-243748 JD. (Stipulation para. 2.)
The offenses for which the petitioner was sentenced in Docket Number CR7-72733 JD were committed on October 2, 1980. (Stipulation para. 3.)
The petitioner was originally sentenced in Docket No. CR7-72733 JD on November 23, 1983 as follows:
In Count One, a term of imprisonment of not less CT Page 7105 than 10 nor more than 20 years for the crime of Conspiracy to Commit Larceny in the First Degree;
 in Count Two, a term of imprisonment of not less than 2 1/2 nor more than 5 years for the crime of Conspiracy to Commit Burglary in the Third Degree, to be served consecutively to Count One;
 in Count Three, a term of imprisonment of not less than 2 1/2 nor more than 5 years for the crime of Burglary in the Third Degree, to be served consecutively to Counts One, Two and four;
 in Count Four, a term of imprisonment of not less than 10 nor more than 20 years for the crime of Larceny in the First Degree, to be served concurrently with Count One;
 For a total effective sentence of not less than 15 nor more than 30 years. (Stipulation para. 4.)
On November 23, 1983, in Docket Number CR7-72733 JD, the petitioner was not delivered to the custody of the respondent. Rather, he posted an appeal bond and was released from custody pending appeal. On June 26, 1984, the appeal bond was revoked and the mittimus issued and, on May 17, 1985, the petitioner was first received into the custody of the respondent to commence service of the sentence (Stipulation para. 5.)
On June 28, 1989, pursuant to a Motion to Correct Illegal Sentence, and in accordance with State v. Stellato, 10 Conn. App. 447,456-57 (1987), the Superior Court in Docket Number CR7-72733 JD vacated the judgment as to Count Two (Conspiracy to Commit Burglary in the Third Degree) and resentenced the petitioner on the remaining three counts as set forth in Paragraph One, subparagraph a. of this stipulation [not less than 15 nor more than 30 years]. No mittimus reflecting this resentencing was issued on June 28, 1989. (Stipulation para. 6.)
The petitioner appealed from the judgment and order resentencing him on Counts One, Three and Four. (Stipulation para. 7.)
On May 22, 1990, the Appellate Court upheld the sentencing scheme imposed by the Superior Court, holding that the court had the authority to restructure the sentence imposed pursuant to the multi-count conviction to conform to its original intent. State v. Raucci, 21 Conn. App. 557, 575 A.2d 234 (1990); certification denied, 215 Conn. 817, 576 A.2d 546 (1990). CT Page 7106 (Stipulation para. 8.)
On May 29, 1990 the Superior Court issued a new mittimus in CR7-72733 JD, reflecting the resentencing of June 28, 1989. (Stipulation para. 9.)
The respondent has calculated the petitioner's sentence in CR7-72733 JD as a 15-30 year sentence beginning on the day he was originally received into custody, May 17, 1985. (Stipulation para. 10.)
The respondent has credited the petitioner's sentence in Docket Number CR7-72733 JD as follows:
 a. 2400 days statutory good conduct credit, C.G.S. 18-7a (a), on the minimum sentence of 15 years.
 b. 5100 days statutory good conduct credit, C.G.S. 18-7a(a), on the maximum sentence of 30 years.
 c. 92 days of presentence confinement credit, C.G.S. 18-97, representing the petitioner's time in confinement prior to imposition of the first sentence on November 23, 1983 and
 d. 30 days of presentence confinement good conduct credit, C.G.S. 18-98c, also representing the petitioner's time in confinement prior to imposition of the first sentence on November 23, 1983.
(Stipulation para. 11.)
The respondent has not treated any time between May 17, 1985, when the petitioner was first confined pursuant to the judgment of conviction, and May 29, 1990, when the mittimus reflecting the revised sentence was issued, as presentence confinement and has not credited the petitioner with respect to such time with either presentence confinement credit, C.G.S.18-97 or presentence confinement good and conduct credit, C.G.S. 18-98c (Stipulation para. 12)
The essence of the petitioner's claim is that his confinement is being lengthened illegally because the respondent has failed to credit him properly for time served. His most compelling contention is that from May 17, 1985, the date he began serving his "illegal" sentence, to May 29, 1990, the date on which the mittimus was issued for his corrected sentence, he CT Page 7107 should receive "presentence credit" time. The respondent contends that Raucci is not entitled to "presentence credit" for that time period and has, instead, credited the petitioner with "time served" credits.
The United States Supreme Court has addressed the issue of whether a defendant must be credited for time served under an illegal sentence which is later vacated and the defendant resentenced in the case of North Carolina v. Pearce, 395 U.S. 711,23 L.Ed.2d 656, 89 S.Ct. 2072 (1969) (hereinafter "Pearce"). In Pearce, the court held that "the constitution guarantee[s] against multiple punishment for the same offense [and] absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense." Pearce, supra 718-719. The court, in footnote 13 states "[s]uch credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." Pearce, supra, 719 n. 13. The court in Pearce does not say whether such time must be credited as presentence credit.
In Sutton v. Lopes, 202 Conn. 343, 521 A.2d 147 (1987), the Connecticut Supreme Court addressed the issue of what type of credit must be given these circumstances and stated:
 It is well established that "[c]redit for time previously served is constitutionally mandated by the double jeopardy clause of the fifth amendment
of the United States constitution which is enforceable in state courts through the fourteenth amendment." Connecticut General Statutes sec. 53a-38(c), in keeping with the mandate of North Carolina v. Pearce, supra, is a general statutory provision which requires that a prisoner be given full credit for time served on a vacated sentence. It `does not specify what type of `credit' it refers to." Although we did not directly address in Moscone whether time spent in custody pursuant to a sentence which is later vacated is subject to "time served" credit or "presentence credit," we did indicate that the plain language of General Statutes sec. 52a-38(c) requires only that some form of credit for time served be awarded, and that it is irrelevant to any other statutory credit. Therefore, as the trial court correctly concluded, General Statutes sec. 53a-38(c) does not bar crediting the time period in question as presentence confinement. This conclusion is supported by the constitutional mandate of North Carolina v. Pearce . . . . Viewed from this CT Page 7108 perspective, we cannot say that the trial court erred in concluding that any confinement prior to the time a sentence is vacated and declared void should be characterized as presentence confinement and credited pursuant to C.G.S. 18-97.
Sutton, supra, 348-349 (citations omitted). The Connecticut Supreme Court has applied the reasoning of Sutton more recently in Casey v. Commissioner of Correction, 215 Conn. 695,577 A.2d 1051 (1990).
In Casey v. Commissioner of Correction, Docket Number CV 87-0000151S (Judicial District of Tolland at Somers, April 6, 1989, Axelrod, J.), the Commissioner of Corrections argued that the language of Sutton was not mandatory and was merely permissive. Casey, supra. 11-12. The court, Axelrod, J., found this argument without merit. Id. The court found that the language in Sutton dealing with presentence credit application was mandatory and credited the petitioner accordingly. Id. The decision was upheld on appeal. Casey v. Commissioner of Correction, 215 Conn. 695, 577 A.2d 1051 (1990).
The court has consistently held that a petitioner in the same position as the petitioner at bar, must be credited with presentence credits for time served under a vacated illegal sentence. The petitioner should likewise be credited with presentence credits as requested.
The petitioner claims that if the court finds that he is entitled to presentence credits, that these presentence credits must be applied against each one of the three counts for which he was sentenced. The respondent, in calculating the petitioner's previous presentence credit, did credit the petitioner with presentence credits for each of the three counts. The court in Delevieleuse v. Manson, 184 Conn. 434,439 A.2d 1055 (1981) addressed this issue and found that presentence credit must be applied against each count on which the defendant was sentenced. Delevieleuse, supra, 441. Therefore, the petitioner is entitled to have it applied against each of the three counts.
The petitioner further argues that if he is entitled to presentence credit he should be credited twice, once under C.G.S. 18-97 and once under Section 18-98. The court in Sutton v. Lopes, 201 Conn. 115, 513 A.2d 139 (1986) held that C.G.S.18-97 and 18-98 cannot both be applied in determining presentence credits. Sutton v. Lopes, 201 Conn. 115, 124,513 A.2d 139 (1986). The petitioner's request for double credit is denied. CT Page 7109
The final issue raised by the petitioner is whether the date of resentencing, June 28, 1989, or the date the second mittimus issued, May 29, 1990, should be used as the date on which to base the calculations. The petitioner argues that the date the mittimus was issued should be utilized in calculating the presentence time. The respondent does not address the issue. In Sutton v. Lopes, 202 Conn. 343, 521 A.2d 147 (1987), the court used the date that the mittimus was issued as the date to calculate the presentence credit time. This court feels compelled to follow suit. Hence, May 29, 1990, is the applicable date used to calculate the presentence credit.
The parties agree on the following calculations:
1. Statutory Good Time Credits, 2400 days:
2. Outstandingly Meritorious Good Time, 120 days;
3. 7-Day Job Credit, 210 Days.
With respect to "jail credit" under Section 18-97 of the Connecticut General Statutes, Raucci is entitled to one day's credit for each day in presentence confinement. Same totals 1,883 days applicable to each of the two consecutive sentences of the total effective sentence. The petitioner is entitled to a jail credit of 3,766 days for the purpose of determining his discharge date.
As to jail credit good time under Section 18-98c of our statutes, the petitioner is entitled to ten (10) days credit for each month of good conduct or 620 days.[2] He is due this credit on each of the two consecutive sentences of the total effective sentence for a total of 1,240 days of "jail credit good time."
Raucci also claims that he is entitled to credit for time served on the count that constituted an illegal conviction — conspiracy to commit burglary. Inasmuch as the sentence imposed on said count effectively constituted concurrent time, he is not entitled to additional credit.
The respondent is ordered to calculate the petitioner's sentence in accordance with the findings herein.
BY THE COURT
Scheinblum, J.