MICHAEL RAUCCI v. WARDEN, STATE PRISON
(11320)

DALY, FOTI and HEIMAN, Js.

Argued October 26, 1992—decision released February 2, 1993

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (respondent).

*Temmy Ann Pieszak,* assistant public defender, for the appellee (petitioner).

FOTI, J. The genesis of this appeal is a petition for habeas corpus challenging the respondent's calculation of various credits applicable to the petitioner's sentence. The respondent has appealed from the judgment of the habeas court granting the petition in part and ordering the respondent to recalculate the petitioner's sentence as beginning on the date a corrected mittimus was issued, with all prior time in confinement designated as presentence confinement and credits calculated accordingly. We affirm the judgment of the habeas court.

The following stipulated facts are relevant to this appeal. The petitioner, Michael Raucci, is being held by the respondent pursuant to a mittimus issued on May 29, 1990, by the Superior Court, judicial district of New Haven, Docket No. CR7-72733. The mittimus provided, in count four, a term of imprisonment of not less than seven and one-half nor more than fifteen years for the crime of larceny in the first degree in violation of General Statutes §§ 53a-8, 53a-119 and 53a-122 (a) (2); in count one, a term of imprisonment of not less than seven and one-half nor more than fifteen years for the crime of conspiracy to commit larceny in the first degree in violation of General Statutes §§ 53a-48 and 53a-122 (a) (2), to be served consecutively to the sen-

tence imposed in count four; in count three, a term of imprisonment of not less than two and one-half nor more than five years for the crime of burglary in the third degree in violation of General Statutes § 53a-103, to be served concurrently with the sentences imposed in counts one and four. The petitioner's total effective sentence is not less than fifteen nor more than thirty years, which he is currently serving.[1]

The petitioner's sentence was imposed for offenses committed on October 2, 1980. He was originally sentenced on November 23, 1983, as follows: In count one, a term of imprisonment of not less than ten nor more than twenty years for the crime of conspiracy to commit larceny in the first degree; in count two, a term of imprisonment of not less than two and one-half nor more than five years for the crime of conspiracy to commit burglary in the third degree, to be served consecutively to count one; in count three, a term of imprisonment of not less than two and one-half nor more than five years for the crime of burglary in the third degree, to be served consecutively to counts one, two and four; in count four, a term of imprisonment of not less than ten nor more than twenty years for the crime of larceny in the first degree, to be served

---

[1] The petitioner is also subject to additional sentences as follows: (1) pursuant to a mittimus issued March 21, 1986, by the Superior Court, judicial district of New Haven, Docket No. CR6-203590, a term of imprisonment of not less than ten nor more than twenty years for the crime of conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54 (a), to be served consecutively to the sentence imposed in Docket No. CR7-72733; (2) pursuant to a mittimus issued March 21, 1986, by the Superior Court, judicial district of New Haven, Docket No. CR6-243748, a term of imprisonment of five years for the crime of failure to appear in the first degree in violation of General Statutes § 53a-172, to be served concurrently with the sentence imposed in Docket No. CR6-203590 and consecutively to the sentence imposed in Docket No. CR7-72733. The sentences have not yet been executed and have no bearing on the issues raised by this petition. No credits of any kind have yet been applied to the sentences in Docket No. CR6-203590 and Docket No. CR6-243748.

concurrently with count one. The total effective sentence imposed was not less than fifteen nor more than thirty years.

The petitioner was not delivered to the custody of the respondent after his November 23, 1983 sentencing. Instead, the petitioner posted an appeal bond and was released from custody pending appeal. On June 26, 1984, the appeal bond was revoked, a mittimus issued and, on May 17, 1985, the petitioner was first received into the respondent's custody to begin serving the original sentence.

On June 28, 1989, pursuant to the petitioner's motion to correct an illegal sentence, and in accordance with *State* v. *Stellato*, 10 Conn. App. 447, 456–57, 523 A.2d 1345 (1987), the Superior Court vacated the judgment in Docket No. CR7-72733 as to count two (conspiracy to commit burglary in the third degree) and resentenced the petitioner on the remaining three counts, as described earlier, for a total effective sentence of not less than fifteen nor more than thirty years. A corrected mittimus reflecting this resentencing was not issued on June 28, 1989.

The petitioner later appealed from the judgment resentencing him on counts one, three and four. On May 22, 1990, we affirmed the sentencing scheme imposed by the Superior Court, holding that the court had the authority to restructure the sentence plan imposed pursuant to the multicount conviction to conform to its original sentencing intent. See *State* v. *Raucci*, 21 Conn. App. 557, 558, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990).

On May 29, 1990, the Superior Court issued a corrected mittimus, reflecting a fifteen to thirty year sentence beginning on May 17, 1985, the day the petitioner was originally received into custody. The respondent thereafter credited the petitioner's sentence as follows:

(1) 2400 days of statutory good conduct credit, in accordance with General Statutes § 18-7a (a), on the minimum sentence of fifteen years; (2) 5100 days of statutory good conduct credit, in accordance with General Statutes § 18-7a (a), on the maximum sentence of thirty years; (3) ninety-two days of presentence confinement credit, in accordance with General Statutes § 18-97, representing the petitioner's time in confinement prior to imposition of the first sentence on November 23, 1983; and (4) thirty days of presentence confinement good conduct credit, in accordance with General Statutes § 18-98c, also representing the petitioner's time in confinement prior to imposition of the first sentence on November 23, 1983.

The respondent has not treated any time between May 17, 1985, when the petitioner was first confined pursuant to the judgment of conviction on counts one, three and four, and May 29, 1990, when the corrected mittimus reflecting the revised sentence was issued, as presentence confinement and has not credited the petitioner with respect to such time with either presentence confinement credit, pursuant to General Statutes § 18-97[2] or presentence confinement good conduct

---

[2] General Statutes § 18-97 provides: "CONFINEMENT UNDER A MITTIMUS: PRESENTENCE CONFINEMENT CREDIT PRIOR TO JULY 1, 1981. Any person receiving a fine or a sentence to a correctional institution or a community correctional center for an offense committed prior to July 1, 1981, shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit upon the order in the case of a fine, and upon the mittimus in the case of a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk of the court of the proper amount of such credit. In the case of a fine each credit day shall be computed at the rate of ten dollars. In no event shall credit be allowed in excess of the fine or sentence actually imposed."

credit, pursuant to General Statutes § 18-98c.[3] Instead, the respondent has credited the petitioner with "time served."

The sole issue in this appeal is whether the petitioner, as a sentenced prisoner, is entitled to "presentence credit" from May 17, 1985, the date he began serving his "illegal" sentence, to May 29, 1990, the date on which the corrected mittimus was issued, or is entitled only to "time served" credits as the respondent contends. We conclude that the habeas court properly determined that the petitioner was entitled to presentence credit for that period.

In *Sutton* v. *Lopes,* 202 Conn. 343, 348–49, 521 A.2d 147 (1987), our Supreme Court stated: "General Statutes § 53a-38 (c) provides: 'When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such a person for the same offense or for an offense based on the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time served under or credited against the vacated sentence shall be credited against the new sentence.' It is well established that '[c]redit for time

---

[3] General Statutes § 18-98c provides: "GOOD CONDUCT CREDIT FOR PRESENTENCE CONFINEMENT PRIOR TO JULY 1, 1981. In addition to the time credits provided for in sections 18-97 and 18-98, any person who has been denied bail or who has been unable to obtain bail and who subsequently is fined or sentenced to a correctional institution or a community correctional center shall receive a good conduct credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended, such credit to be at the rate of ten days for each month of presentence confinement and such credits to be awarded only for prompt obedience to the rules of the correctional institution or community correctional center wherein the person is confined. The provisions of this section allowing credit at the rate of ten days for each month of presentence confinement shall apply to those periods of time spent in presentence confinement pursuant to sections 18-97 and 18-98, which occur after October 1, 1976, for an offense committed prior to July 1, 1981."

previously served is constitutionally mandated by the double jeopardy clause of the fifth amendment of the United States constitution which is enforceable in state courts through the fourteenth amendment. . . .' *Moscone* v. *Manson,* [185 Conn. 124, 126–27, 440 A.2d 848 (1981)]. General Statutes § 53a-38 (c) . . . is a general statutory provision which requires that a prisoner be given full credit for time served on a vacated sentence. . . .

"Although we did not directly address in *Moscone* whether time spent in custody pursuant to a sentence which is later vacated is subject to 'time served' credit or 'presentence credit,' we did indicate that the plain language of § 53a-38 (c) requires only that some form of credit for time served be awarded, and that it is irrelevant to any other statutory credit. *Moscone* v. *Manson,* supra, 131–32. . . . General Statutes § 53a-38 (c) does not bar crediting the time period in question as presentence confinement." (Citations omitted.)

In *Casey* v. *Commissioner of Correction,* 215 Conn. 695, 577 A.2d 1051 (1990), our Supreme Court clarified the *Sutton* holding. In *Casey,* the trial court had specifically determined that *Sutton* mandated that "time served on a vacated sentence must be treated as presentence credit on any subsequent sentence for the same offense or offense based on the same act." *Casey* v. *Commissioner of Correction,* Supreme Court Records and Briefs, May Term 1990, Record p. 26. The trial court had indicated that "[w]hen an original sentence is vacated and declared void, the slate has been wiped clean. The petitioner is then in the same situation he would have been in if there never had been a sentence imposed for the purpose of calculating presentence credit. Time that is spent in jail prior to the date a sentence is imposed is treated as jail time under [General Statutes §§] 18-97, 18-98, 18-98d. Similarly, time that is spent in jail under a conviction that has

been wholly nullified and the slate wiped clean is time that is spent awaiting a valid sentencing and therefore must be treated as jail time and calculated [in the same fashion]."Id., pp. 26–27. The Supreme Court agreed, and affirmed the trial court's order that the commissioner treat the defendant's sentence as having commenced on the date it was imposed and credit the time served prior thereto as presentence time. *Casey* v. *Commissioner of Correction,* supra, 697.

Here, the habeas court found that under the rule of *Sutton* v. *Lopes,* supra, as clarified in *Casey* v. *Commissioner of Correction,* supra, the application of *presentence credit* is mandatory for time served under a vacated illegal sentence. The court, therefore, ordered the respondent to credit the petitioner with presentence credits for the time the petitioner served between May 17, 1985, and May 29, 1990, under the vacated sentence. We agree with the habeas court that the rule in *Sutton* and *Casey* is mandatory rather than permissive.

The respondent argues that we should distinguish *Sutton* and *Casey* because in those cases, as in *Moscone* and even *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), the defendants successfully challenged their *convictions,* whereas the petitioner here successfully challenged only his illegal *sentence,* which did not subject him to double jeopardy. We disagree that the *Sutton-Casey* rule applies only when the finding of criminal liability is vacated and not when the sentence is vacated.

The parties agree that double jeopardy is not, and never was, an issue in the present case. Our careful reading of the habeas court's memorandum of decision shows that it was not based on double jeopardy concerns.[4] Rather, the court relied on the language of the

---

[4] Constitutional issues need not be considered unless absolutely necessary to the decision of a case or unless sufficient public interest requires such. *State* v. *DellaCamera,* 166 Conn. 557, 560–61, 353 A.2d 750 (1974).

applicable statutes, all of which refer to *presentence credit.* Further, both *Sutton* and *Casey* specifically refer to the application of presentence credit when time has been served on a vacated *sentence.*

In this case, when the petitioner's original sentence on the second count was vacated, his original sentences on the remaining three counts were also vacated to allow a restructured effective sentence of not less than fifteen nor more than thirty years.[5] These new sentences were preconditioned upon the prior sentences being vacated. The habeas court specifically found that the original sentences were vacated, and the respondent has not challenged this finding. The petitioner therefore cannot be said to be serving the original sentences imposed in 1983.[6]

The petitioner's sentence must be recalculated "as commencing on the date the valid sentence was imposed." *Wright* v. *Commissioner of Correction,* 216 Conn. 220, 224, 578 A.2d 1071 (1990). Although the petitioner was resentenced on June 28, 1989, the corrected mittimus was not issued until May 29, 1990. The trial court therefore correctly determined that the new sentence must be recalculated as beginning on May 29, 1990. See *Sutton* v. *Lopes,* supra, 346 n.6. The petitioner is entitled to presentence credit for time served between May 17, 1985, and May 29, 1990, under the vacated sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Had the remaining three counts remained intact, the total effective sentence would have been not less than twelve and one-half nor more than twenty-five years.

[6] The respondent is thus incorrect in stating that the "Commissioner of Correction is simply continuing to administer a sentence which was originally executed on May 17, 1985 and corrected on May 29, 1990."