[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Donald A. LoPresto appeals a declaratory ruling of CT Page 4242 the defendant Connecticut State Employees Retirement Commission (Commission). The Commission ruled that the plaintiff is not entitled to include five (5) years of municipal service credit, purchased pursuant to General Statutes 5-192b(b), in the calculation of his hazardous duty retirement benefit under General Statutes 5-173. The Commission acted pursuant to General Statutes 5-155a(c) and 4-176. The appeal is brought in accordance with General Statutes 4-176(h) and 4-183. The court finds in favor of the plaintiff.
The following facts are essentially undisputed. The plaintiff, a former state trooper with the Division of State Police, retired effective March 1, 1992 under the 1991-1992 Early Retirement Incentive Program. Because the plaintiff had completed more than the minimum twenty years of hazardous duty service required, his benefits were calculated in accordance with General Statutes 5-173. Prior to his retirement, the plaintiff applied to purchase retirement credit under 5-192b(b) for his five years of employment as a police officer with the Town of Stonington from November 1965 to November 1970. Relying on an "informal opinion" provided by the Attorney General and the recommendation of its Subcommittee on Purchase of Service and Related Matters, the Commission denied the plaintiff's request for credit for his previous municipal service. In response, the plaintiff filed with the Commission a petition for a declaratory ruling. After considering the plaintiff's petition, the Commission ruled:
 The Petitioner, a Tier I member of the Connecticut State Employees Retirement System, is not entitled to include five years of municipal service credit purchased in accordance with the provisions of Connecticut General Statutes, Section 5-192b(b) in the calculation of his hazardous duty retirement benefit under Connecticut General Statutes, Section 5-173.
That ruling is the subject of this appeal.
The plaintiff's personal and legal interest in receiving retirement benefits to the full extent of the law has been injuriously affected by the Commission's ruling. He is, therefore, aggrieved. See Light Rigging Co. v. Department of Public Utility Control,219 Conn. 168, 173 (1991).
The plaintiff's principal contention in this appeal is that the purchase of previous municipal service under 5-192b may be "added on and credited to" years of service as a state police CT Page 4243 officer for purposes of calculating retirement benefits under 5-173. Section 5-173 provides, in relevant part:
 (a) A state policeman in the active service of the division of state police within the department of public safety . . . who has reached his forty-seventh birthday and completed at least twenty years of hazardous duty service for the state or service as a state policeman . . . shall be retired on his own application or on the application of the commissioner of public safety or the commissioner of correction, as the case may be.
 (b) On or after October 1, 1982, each such person shall receive a monthly retirement income equal to one twelfth of (1) fifty percent of his base salary, as defined in subsection (b) of section 5-162, for such twenty years of service, plus (2) two percent of his base salary for each year, taken to completed months, of Connecticut state service in excess of twenty years.
. . .
 (g) On and after October 1, 1982, an employee who has met the twenty-year minimum service requirement and is thus eligible for benefits under this section shall have any other Connecticut state employment recognize in calculating the amount of his benefits.
(Emphasis added.)
Section 5-192b(b) provides:
 (b) On or before the first of the month following three months after June 28, 1985, any member of the tier I plan in the state employees retirement system who was previously a member of the Connecticut municipal employees' retirement system and who, pursuant to the terms of section 7-440, withdrew all his contributions in the municipal employees' retirement fund upon leaving municipal employment shall be credited, for retirement purposes under this chapter, with such period of prior municipal service upon payment into the state employees retirement fund of an amount equal to the total of all contributions refunded to him from the municipal employees' retirement fund plus five percent interest on such contributions from the effective date of his withdrawal from the municipal fund to the date of his application for credit under this subsection. Such municipal service shall be considered to CT Page 4244 be active state service for the purpose of this chapter.
(Emphasis added.)
Plaintiff claims that 5-192b(b) requires that his prior municipal service be considered state service for purposes of 5-173(b)(2) and 5-173(g). In opposition, the Commission argues that 5-173 is a special, self-contained rules provision which allows only those types of service credits explicitly provided for by the legislature. It claims that while municipal service is considered "state service" under 5-192b, "state service" does not constitute "Connecticut state service" under 5-173. According to the Commission, the omission of the word "Connecticut" from the phrase "state service" in 5-192b(b) permits credit for what the Commission calls "non-Connecticut state employment such as municipal employment." In contrast, the phrase "Connecticut state service" means, according to the Commission, "actual state employment." Thus, 5-173 only allows credit for "actual" state employment.
"[C]ourts must construe statutory provisions as they are written." Zachs v. Groppo, 207 Conn. 683, 690 (1988) (citations omitted). They should not construe a statute whose meaning is plain and unambiguous. Wright v. Commissioner of Corrections,216 Conn. 220, 225 (1990) (citations omitted). Courts should also reject a construction of a statute that produces bizarre results. State v. Uretek Inc., 207 Conn. 706, 719 (1988) (citations omitted). Although the interpretation given a statute by an agency involved in its administration is entitled to deference, ultimately the interpretation of statutes is a question of law for the court. University of Connecticut v. Freedom of Information Commission,217 Conn. 322, 328 (1991) (citations omitted). An agency's interpretation is not dispositive. Id.
The distinction between "state service" and "Connecticut state service" that the Commission urges this court to adopt contradicts the plain language and purpose of the statutes in question. Section 5-192b(b) provides that "municipal service shall be considered to be active state service for the purpose of this chapter." The chapter of the statutes referred to in that section is chapter 66 which also contains 5-173, the state police retirement statute. The legislature. of course, is providing retirement benefits for Connecticut state employees in chapter 66, not for employees of other states. So, for example, when the legislature refers to "state employees," "state policemen" and the like in chapter 66, it obviously CT Page 4245 means Connecticut state employees. The term "state service" in chapter 66 includes municipal service not because it has a broader, more general usage or meaning than "Connecticut state service," as the Commission seems to argue. Rather, the term includes municipal service because 5-192b(b) explicitly provides that it does. The addition of the adjective "Connecticut" does not narrow or restrict the meaning of the term in 5-173 so as to exclude municipal service. The court concludes, therefore, that the term "state service" in chapter 66, including 5-173 and5-192b(b), means service with the state of Connecticut, whether or not the term is preceded by the word "Connecticut." It necessarily includes municipal service in accordance with 5-192b(b).
For all of the reasons set forth above, the court concludes that the Commission's interpretation of 5-173 and 5-192b, as it affects the plaintiff's claim for retirement benefits, is erroneous. It follows that its ruling denying those benefits may not be affirmed. The plaintiff is entitled to receive credit for his prior service as a municipal police officer.
The plaintiff's appeal is sustained. CT Page 4246