[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus dated December 7, 1996 and as amended September 2, 1997 alleging that the respondent is improperly calculating his presentence confinement credit and statutory good time.
The petitioner's arrest and conviction of two counts of assault in the second degree and two counts of kidnaping in the second degree arose from an incident occurring in Newington on November 10, 1989. On the date of his arrest he was held in a lock-up at the Newington police department until his arraignment on November 13, 1989 in New Britain, G.A. 15. On April 20, 1990 the petitioner was found not guilty by reason of insanity and committed to the custody of the commissioner of mental health pursuant to Conn. Gen. Stat. §§ 53a-13, 17a-580 through 17a-603
for a period of ten years, subject to periodic reviews by the psychiatric security review board. In January, 1994 the petitioner petitioned for a writ of habeas corpus seeking a vacation of the judgment of not guilty by reason of insanity and a remand of his case to the trial court for further proceedings. On August 16, 1994, the habeas court, Higgins, J. vacated the judgment of not guilty by reason of insanity and on September 9, 1994 the petitioner was transferred from Whiting to Hartford Correctional to await trial. On January 26, 1995 a jury found the petitioner guilty of two counts of assault in the second degree and two counts of kidnaping in the second degree and the trial court, Scheinblum, J., on March 3, 1995 imposed a total effective sentence of forty years. The judgment of the trial court was affirmed in State v. Connelly, 46 Conn. App. 486 (1997), cert. denied 244 Conn. 907, 908. The petitioner then brought a petition for a writ of habeas corpus in the judicial district of Hartford challenging the sentence imposed. The petitioner presently has an appeal pending from the denial of that petition.
The instant petition claims that the petitioner is entitled to full credit for all confinement from the date of his arrest on November 10, 1989, whether the confinement was in the Newington police department lock-up, Whiting or housed under the jurisdiction of the Commissioner of Correction, and entitled to all statutory good time credits and eligibility of early release as provided by the statutes, rules, regulations, directives and policies in effect on the date of the commission of the crimes, November 10, 1989.
Pursuant to Conn. Gen. Stat. § 53a-38 (c) when a sentence of imprisonment is imposed on a person is vacated and a new sentence CT Page 490 is imposed on such person for the same offense or for an offense based on the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced and all time served under or credited against the vacated sentence shall be credited against the new sentence. Sutton v. Lopes,202 Conn. 343, 348. All confinement prior to the vacation of a sentence then declared void should be characterized as presentence confinement and credited as such. Id. 349. He is therefore entitled to good time credits calculated according to Conn. Gen. Stat. § 18-7a. Moscone v. Manson, 185 Conn. 124; 132.
As applied to the petitioner herein, since his judgment of commitment pursuant to Conn. Gen. Stat. § 53a-13 is now a nullity and he has received a term of imprisonment it is neither rational nor sensible to withhold the application of presentence confinement from the time of his arrest nor of good time credits because he was confined to Whiting. Murray v. Lopes,205 Conn. 27, 37-8.
For the above reasons the respondent is ordered to calculate the petitioner's sentence credits as set out above.
Thomas H. Corrigan Judge Trial Referee