[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4206
In this petition for writ of habeas corpus, it is claimed that petitioner is being denied credit for time spent in confinement while unable to obtain bail as provided by General Statutes § 18-98d.
For reasons hereinafter stated, the petition is denied.
It is alleged that on December 17, 1998, petitioner was convicted of robbery in the first degree in violation of General Statutes §53a-134(a)(4). As a result of such conviction, a sentence of three and one-half years was imposed. Petitioner claims that he had been incarcerated from a date in January, 1998, in connection with this charge and that he was entitled to credit from that date to December 17, 1998, and that he is being improperly denied credit for such confinement.
The evidence indicates that on June 30, 1997, petitioner received a sentence of five years for a violation of General Statutes § 21a-277b. On that date, he was also sentenced to five years for a violation of § 53a-32 and one year for a violation of § 53a-167a. All sentences were to run concurrently for a total effective sentence of five years.
The three and one-half year sentence imposed on December 17, 1998 was to be served concurrently with the five-year sentence imposed on June 30, 1997.
From the evidence, it must be concluded that during the period from January, 1998 to December 17, 1998, the period for which petitioner claims he is being illegally denied credit, he was, in fact, serving the five-year sentence imposed on June 30, 1997.
General Statutes § 18-98d(a)(2), which covers credit for presentence confinement for offenses committed on or after July 1, 1981, provides that such credit shall only be applied to a person for whom an inability to obtain bail or a denial of bail is the sole reason for his presentence confinement. This statute applies to petitioner. Since petitioner was a sentenced prisoner during the period from January, 1998 to December 17, 1998, the inability to be released on bail was not the sole reason for his confinement and he is not entitled to credit for this period of time.
Petitioner argues that there is case law supporting his position and has submitted a memorandum citing the following cases: Sutton v. Lopes,201 Conn. 115, 122 (1986); Sutton v. Lopes, 202 Conn. 343, 349 (1987);Raucci v. Warden, 30 Conn. App. 190 (1993); Valle v. Commissioner ofCT Page 4207Corrections, 45 Conn. App. 566, 570 (1997); and Valle v. Commissioner ofCorrections, 244 Conn. 634, 635 (1998).
All of these cases have been reviewed by the court and do not appear to be persuasive or to support petitioner's position in view of the facts underlying this case. Petitioner has also cited Daniels v. State,477 So.2d 1 (Fla.App. 4th Dist., 1985), which does not appear to be in point.
Petitioner alleges that the initial sentence of five years was vacated. If it could be found that the concurrent sentences imposed on June 30, 1997 were vacated, he would be entitled to credit for presentence confinement. Sutton v. Lopes, supra, 202 Conn. 343. No evidence has been introduced to support the claim that the June 30, 1997 sentence has been vacated. The Department of Corrections has no record of the sentence being vacated.
Accordingly, judgment is entered in favor of the respondent denying the petition for a writ of habeas corpus. In the event petitioner obtains evidence that the sentence imposed on June 30, 1997 was vacated, a motion to reopen this judgment may be filed within the statutory period.
Joseph J. Purtill Judge Trial Referee