ROY E. CASEY *v.* COMMISSIONER OF CORRECTION
(13721)

MILTON GREEN *v.* COMMISSIONER OF CORRECTION
(13858)

PETERS, C. J., GLASS, COVELLO, HULL and BORDEN, Js.

Argued May 8—decision released July 24, 1990

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellant in both cases (respondent).

*John W. Watson,* assistant public defender, for the appellee (petitioner in the first case).

*Ernest F. Teitell,* with whom, on the brief, was *Catherine C. Ziehl,* for the appellee (petitioner in the second case).

Hull, J. The sole issue in these appeals is whether in calculating a prisoner's sentence credits, confinement time served under a subsequently vacated sentence may be credited against the later valid sentence as presentence time under General Statutes § 18-98d.[1] In view of this court's decision in *Sutton* v. *Lopes,* 202 Conn. 343, 521 A.2d 147 (1987), we conclude that it is proper to characterize time served on a subsequently vacated sentence as presentence time and credit it against a new valid sentence under § 18-98d. Accordingly, we affirm the judgments of the trial courts.

The following stipulated facts are relevant to these appeals. On April 20, 1982, the petitioner in the first case, Roy E. Casey, was committed to the custody of the respondent, the commissioner of correction, in lieu

---

[1] General Statutes § 18-98d provides in pertinent part: "(a) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement, except that if a person is serving a term of imprisonment at the same time he is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. . . .

"(b) In addition to any reduction allowed under subsection (a), if such person obeys the rules of the facility he may receive a good conduct reduction of any portion of a fine not remitted or sentence not suspended at the rate of ten days or one hundred dollars, as the case may be, for each thirty days of presentence confinement; provided any day spent in presentence confinement by a person who has more than one information pending against him may not be counted more than once in computing a good conduct reduction under this subsection."

of bond in connection with an alleged criminal offense that had occurred on the prior day. Following a jury trial, Casey was found guilty of murder in violation of General Statutes § 53a-54a and on June 16, 1983, was sentenced to a term of twenty-five years imprisonment. On August 16, 1986, this court set aside the judgment of conviction and remanded the case for a new trial. *State* v. *Casey*, 201 Conn. 174, 189, 513 A.2d 1183 (1986). On June 11, 1987, Casey pleaded guilty to manslaughter in the first degree in violation of General Statutes § 53a-55 and received a sentence of fifteen years imprisonment.

The respondent calculated Casey's sentence credits according to General Statutes § 53a-38 (c),[2] treating the sentence for manslaughter as if it had been imposed on June 16, 1983, the date the vacated sentence for murder had been imposed. As a result, the confinement time between the vacated sentence and the valid sentence was credited against Casey's sentence as sentence time rather than as presentence time. The ultimate effect was that Casey received 477 fewer days credit than he would otherwise have received under § 18-98d.

Casey filed a petition for a writ of habeas corpus in the trial court wherein he alleged illegal confinement as a result of the respondent's miscalculation of his sentence. The trial court granted the petition and ordered the respondent to treat Casey's sentence as having commenced on the date it was in fact imposed and to credit the time served prior thereto as presentence time according to § 18-98d.

---

[2] General Statutes § 53a-38 (c) provides: "When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such a person for the same offense or for an offense based on the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time served under or credited against the vacated sentence shall be credited against the new sentence."

The petitioner in the second case, Milton Green, was committed to the custody of the respondent in lieu of bond on April 14, 1983, in connection with a pending criminal action. Following a jury trial, he was found guilty of felony murder in violation of General Statutes § 53a-54c and on July 27, 1984, was sentenced to a term of thiry-eight years imprisonment.[3] On April 5, 1988, this court set aside the judgment of conviction and remanded the case for a new trial. *State* v. *Green*, 207 Conn. 1, 15, 540 A.2d 659 (1988). On February 22, 1989, Green pleaded guilty to attempted robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (1) and received a sentence of fifteen years imprisonment.

The respondent calculated Green's sentence credits in the same manner that he had calculated those of Casey. The sentence for attempted robbery was treated as if it had been imposed on the date of the imposition of the vacated sentence for felony murder. As a result, the confinement time between the vacated sentence and the subsequent valid sentence was credited as sentence time rather than as presentence time. The practical effect was that Green received 482 days less credit than he would have received if the time in question had been credited as presentence time under § 18-98d.

Green filed a petition for a writ of habeas corpus in the trial court. He claimed that he was being confined illegally due to the respondent's miscalculation of his sentence. The trial court granted the petition and ordered the respondent to calculate Green's sentence as having commenced on the date it was actually imposed and to credit all confinement time prior thereto as presentence time under § 18-98d.

The respondent, on the granting of certification, appealed both of the trial court judgments to the Appel-

[3] On June 6, 1986, petitioner Green was resentenced to thirty-three years imprisonment by the Sentence Review Division of the Superior Court.

late Court. We subsequently transferred the appeals to ourselves pursuant to Practice Book § 4023.

The respondent claims that the trial courts should not have ordered the respondent to calculate the petitioners' sentences as having commenced on the date the valid sentences were imposed and to credit the previously served time as presentence time under § 18-98d. We do not agree.

In *Sutton* v. *Lopes,* supra, 349, this court upheld the decision of the trial court to treat time served on a vacated sentence as presentence time and to credit the time accordingly in calculating sentence credits. We rejected the claim that § 53a-38 (c) bars crediting the confinement time as such, observing that "§ 53a-38 (c), in keeping with the mandate of *North Carolina* v. *Pearce,* [395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled in part on other grounds, *Alabama* v. *Smith,* 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989)], is a general statutory provision which requires that a prisoner be given full credit for time served on a vacated sentence. *Moscone* v. *Manson,* [185 Conn. 124, 131, 440 A.2d 848 (1981)]. It 'does not specify what type of "credit" it refers to.' Id., 133 (*Healey, J.,* concurring)." *Sutton* v. *Lopes,* supra, 348. "[T]he plain language of § 53a-38 (c) requires only that some form of credit for time served be awarded . . . it is irrelevant to any other statutory credit. *Moscone* v. *Manson,* supra, 131–32. Therefore . . . § 53a-38 (c) does not bar crediting the time [served on a vacated sentence] as presentence confinement." Id., 348–49.

The respondent first contends that *Sutton* v. *Lopes,* supra, does not apply to the present cases, because that case involved calculation of sentence credits under General Statutes § 18-97[4] rather than § 18-98d. Although

---

[4] General Statutes (Rev. to 1977) § 18-97 provides in pertinent part: "Any person receiving a fine or a sentence to a correctional institution or a com-

we recognize that distinctions exist between § 18-97 and § 18-98d,[5] these differences have no bearing on the applicability of *Sutton* to these cases. The dispositive issue in that case was the same as that presented here, namely, whether time served on a vacated sentence may be credited against a sentence as presentence time. *Sutton*, therefore, clearly applies.

The respondent claims in the alternative, that *Sutton* should not be adhered to in these cases and that the decisions of the trial courts should be reversed due to the adverse consequences the decisions will have on prisoners who are not parties in these appeals. "A case must be decided on the formal record and a court cannot resort to matters extraneous to the record in making its determination. *Hasbrouck* v. *Hasbrouck*, 195 Conn. 558, 560, 489 A.2d 1022 (1985)." *State* v. *Gilnite*, 202 Conn. 369, 378, 521 A.2d 547 (1987). Because review of the respondent's claim would require consideration of facts outside the record, we decline to address this claim further.

The respondent has brought forth no persuasive reason to warrant a departure from our holding in *Sutton* v. *Lopes, supra.*

Accordingly, we affirm the judgments.

In this opinion the other justices concurred.

---

munity correctional center shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution."

[5] "[General Statutes §] 18-98d differs from its predecessors [General Statutes §§ 18-97 and 18-98] in that it merged § 18-97, which dealt with the presentence confinement of those held under a mittimus, and § 18-98, which dealt with the presentence confinement of those unable to obtain bail. Further, § 18-98d added the provision that 'each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement.' " *Payton* v. *Albert*, 209 Conn. 23, 30, 547 A.2d 1 (1988).