[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3242
Petitioner Peter K. Johnson claims in his petition for writ of habeas corpus that because of the ineffectiveness of his trial counsel, his controlling sentence has not been credited for the period of his alleged presentence confinement as authorized by Section 18-98d of the General Statutes.
The dispositive issues are (1) whether presentence commitment to Berkshire Woods Chemical Dependence Treatment Center at Fairfield Hills Hospital in Newtown qualifies for presentence confinement credit under Sec. 18-98d, and, if so (2) whether such credit is authorized if the confinement resulted from a prior commitment in an unrelated case. Under the circumstances of this case, the Court decides both issues in the negative, adverse to Petitioner.
The matter involves the interplay of the following otherwise unrelated cases:
 1. Docket No. CR 9-97697, J.D. Middlesex at Middletown (hereinafter, the "Part A case");
 2. Docket No. CR 9-94987, emanating in G.A. 9 and subsequently administratively consolidated with the Part A case (Hereinafter, the "G.A. 9 case"); and
 3. Docket No. CR 36533, G.A. 20 at Norwalk (hereinafter, the "Norwalk case").
A relevant chronology is set forth in Appendix A hereto.
On July 7, 1989, after the entry of guilty pleas on April 6, 1989, Petitioner was sentenced (D. Dorsey, J.) in the Part A case to ten years incarceration, suspended after eight years, with five years probation, each for assault in the first degree in violation of Gen. Stats. Sec.53a-59(a)(3), and for kidnapping in the first degree in violation of Gen. Stats. Sec. 53a-92(a)(2)(A) and (C), to be served concurrently; and in the transferred G.A. 9 case to a concurrent two year term of incarceration for burglary in the third degree in violation of Gen. Stats. Sec. 53a-103. (Petr. Exs. C and D — transcripts respectively of pleas and sentencing.
On September 29, 1988 in the Norwalk case, Petitioner pleaded guilty to larceny in the second degree in violation of Gen. Stats. Sec. 53a-123, and was sentenced (McGrath, J.) to 18 months incarceration, execution suspended, 2 years probation and, pursuant to then in force Gen. Stats. Sec. CT Page 3243 19a-387, was committed for a period of not less than 90 days nor more than 24 months to the Berkshire Woods facility by way of the Fairfield Hills facility. (Resp. Ex. 1)
On November 17, 1988, at G.A. 9, the court (Cretella, J.) in that G.A. 9 case imposed a nominal $500 bond, ostensibly so that Petitioner would be credited for the time he was then serving at Fairfield Hills in the event that he subsequently "ever [had] to do any time." Petitioner now complains that the presentence credit has been lost because the bond applied only to the G.A. 9 case and not to the Part A case which imposed the controlling sentence. He asserts that because of his trial counsel's ineffectiveness, he has been denied presentence credit for the period from November 17, 1988 to July 7, 1989.
In his Second Amended Petition, Petitioner alleged that counsel was remiss in not ensuring that a bond (which would not be met) be correspondingly set in the controlling Part A case. When in the early stages of this habeas hearing it was disclosed that a bond had in fact been both set and met in the inception of that case, Petitioner was permitted by consent to amend his petition to allege instead that counsel's ineffectiveness consisted of his failure to have that bond revoked.
The controlling statute in this case is Gen. Stats. Sec. 18-98d, authorizing presentence confinement credit respecting an offense committed on or after July 1, 1981. When the language of a statute is clear and unambiguous, its meaning is not subject to modification or construction. Seals v. Hickey, 186 Conn. 337, 346 (1982). Sec. 18-98d is clear and unambiguous. Mere presentence confinement is insufficient to trigger the credit. Such presentence confinement must be in "a community correctional center or a correctional institution." Sec. 18-98d(a). This limitation is consistent with the like limitation imposed by Sec. 18-98 respecting pre-July 1, 1981 offenses. It is also consistent with Practice Book Sec. 659, which provides that a "person who has not made bail shall be detained in a correctional facility."
The term "correctional institutions" is defined and the same are listed in Gen. Stats. Sec. 1-1(w). "Correctional institutions" and "community correctional centers" are listed in the Connecticut state Register and Manual (1992), pp. 214-16.
Berkshire Woods is a drug and alcohol abuse treatment facility of the Connecticut Alcohol and Drug Abuse Commission. Connecticut state Register and Manual (1992), pp. 266-67. Fairfield Hills Hospital is a mental health facility of the Department of Mental Health. Id., pp. 262, 266: Gen. Stats. CT Page 3244 Sec. 17a-450(b). Neither Berkshire Woods nor Fairfield Hills Hospital is a correctional institution or a community correctional center. Accordingly, Petitioner is not entitled to credit under Gen. Stats. Sec. 18-98d for the presentence period of confinement here in issue.
Murray v. Lopes, 205 Conn. 27 (1987), requiring that persons confined to Whiting Forensic Institute under Gen. Stats. Sec. 17-245 be treated the same respecting Secs. 18-98d and 18-7a credits as those therein confined under Secs. 17-194c through 17-194g, is inapposite.
Even if confinement in Berkshire Woods or Fairfield Hills Hospital can in any respect qualify for presentence credit, Petitioner still is not entitled to such credit under the circumstances here presented. Gen. Stats. Sec. 18-98d(a) specifically provides:
 (2) The provisions of this section shall apply only to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement. . . .
The sole reason for Petitioner's confinement was not for any of these specified reasons relating to his on-going cases. It was clearly the result of his post-conviction sentence in the Norwalk case pursuant to Gen. Stats. Sec. 19a-387 (Resp. Ex. 4), then in effect and since repealed. Gen. Stats. Sec. 19a-387, the counterpart to the present Gen. Stats. Sec. 17a-656, authorized a sentencing court to commit a drug dependent person to the executive director of the Connecticut Alcohol and Drug Abuse Commission for inpatient treatment.
Time served on a valid sentence may not be banked and used to reduce sentences subsequently imposed. Peyton v. Albert, 209 Conn. 23 (1988). This case is distinguishable from Casey v. Commissioner of Correction,215 Conn. 695 (1990), where credit for a subsequent sentence was allowed for time served on a vacated sentence.
Nothing in the record before this court indicates that anything was done to effectuate Petitioner's failure to provide the bond set in the G.A. 9 case. On the contrary, it would appear that Petitioner was not continuously confined for the period alleged, but was allowed from time to time to leave the facility, and in fact failed to comply with the program. The record fails to establish the number of days for which credit could be given, or the approximate date when trial counsel could reasonably have been expected to have acted.
An ineffectiveness claim requires the court to conduct an analysis CT Page 3245 under the two-pronged standard of Strickland v. Washington, 466 U.S. 688
(1984), requiring a petitioner to establish both (1) deficient performance and (2) actual prejudice. See Commissioner of Correction v. Rodriquez,222 Conn. 469, 477-79 (1992).
Petitioner was obviously in need of drug dependency treatment. It was in his best interest that treatment be maintained at Berkshire Woods. This was trial counsel's position. Any attempt to revoke the Part A case bond would have jeopardized such treatment. Indeed, trial counsel had to resist efforts by the prosecutor to have the bond revoked and Petitioner committed pretrial to a correctional institution, due to the serious nature of the offenses. The court finds that trial counsel was not ineffective as alleged.
The petition is dismissed.
DAVID L. FINEBERG, J.
APPENDIX A
Chronology
January 15, 1988: Arrest in G.A. 9 case. Accelerated rehabilitation granted, March 15, 1988.
July 22, 1988: Long form information filed in Part A. Petitioner posts bail.
August 19, 1988: Trial counsel files appearance in Part A case.
September 12, 1988: Arrest in Norwalk case.
September 21, 1988: Accelerated rehabilitation revoked in G.A. 9 case.
September 29, 1988: Guilty plea and sentencing in Norwalk case.
November 17, 1988: Nominal bond set in G.A. 9 case.
April 6, 1989: Guilty pleas in Part A and G.A. 9 cases.
July 7, 1989: Sentencing in Part A and G.A. 9 cases.
September 8, 1989: In Norwalk case, probation revoked and sentence of incarceration imposed. CT Page 3246