STATE OF CONNECTICUT *v.* NATHANIEL CARMONA
(AC 28969)

Bishop, Gruendel and Borden, Js.

Argued November 13—officially released November 20, 2007[1]

---

[1] November 20, 2007, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Tejas Bhatt*, assistant public defender, with whom were *Adele V. Patterson,* acting chief of habeas corpus services, and, on the brief, *Jennifer L. Bourn*, deputy assistant public defender, for the appellant (defendant).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Suzanne M. Vieux*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this appeal, the defendant, Nathaniel Carmona, raises important and troubling issues concerning the calculation and application of presentence confinement credit. He appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence, claiming that the court improperly concluded that it lacked subject matter jurisdiction over the motion. We affirm the judgment of the trial court.

The following facts as found by the court are not disputed. "On November 30, 2000, the defendant . . . was arrested for sale of narcotics in violation of General Statutes § 21a-277 (a). He was arraigned in Bridgeport on December 1, 2000, and posted bond shortly thereafter (the Bridgeport file). The defendant remained out on bond until April 28, 2001, when he was arrested for robbery in the second degree in violation of General Statutes § 53a-135. The defendant was arraigned on this charge in Norwalk on April 30, 2001, and was subsequently held on bond (the Norwalk file). On June 4, 2001, the bond in the Bridgeport file was raised. On November 28, 2001, the defendant pleaded guilty in the Bridgeport file and received a sentence of five years, execution suspended after eighteen months, and three years probation. On March 18, 2002, the defendant pleaded guilty in the Norwalk file and received a sentence of five years, execution suspended after twenty months, and four years probation, to run concurrently

with the sentence in the Bridgeport file. The department of correction [department] credited both the Bridgeport and Norwalk sentences with presentence confinement credit. In the Bridgeport file, the defendant received 177 days of credit for the time he served from June 4, 2001, the date the bond was raised, to November 28, 2001, the date he was sentenced. Therefore, the defendant's discharge date was calculated to be November 29, 2002. In the Norwalk file, the defendant received 212 days of credit for the time he served from April 30, 2001, the date of his arraignment in that file, to November 28, 2001, the date of his sentencing in the Bridgeport file. Accordingly, the defendant's discharge date was calculated to be May 19, 2003. On that date, the defendant was released to probation.

"Almost three years later, on April 25, 2006, the defendant was arrested for violation of probation in the Bridgeport file. The defendant was arrested for violation of probation in the Norwalk file two days later, on April 27, 2006. On July 14, 2006, the defendant admitted to the violation of probation in the Norwalk file and was sentenced to twenty months in prison. On July 18, 2006, the defendant admitted to the violation of probation in the Bridgeport file and was sentenced to one year in prison, to run concurrently with the Norwalk sentence.[2] The department . . . credited the defendant with seventy-eight days of presentence confinement credit on the Norwalk violation of probation sentence for the time the defendant served from his arraignment on April 27, 2006, to his sentencing on July 14, 2006. Accordingly, the defendant's discharge date for the violation of probation in Norwalk would have been December 27, 2007. The department . . . however, added 177

---

[2] We note with interest the court's statement that "[a] violation of probation is a new offense and a defendant can be subject to a new sentence. See General Statutes § 53a-32 (b). If the defendant is subject to any sentence that is different from the original sentence imposed, the original sentence is deemed revoked. General Statutes § 53a-32 (b)."

days to the sentence as time owed, based on its interpretation of the Supreme Court's decision in *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004), which had been decided after the defendant served his time on the underlying charges in the Bridgeport and Norwalk files, but before he violated his probation in those files. Therefore, the defendant's discharge date was calculated to be June 14, 2008."

In response, the defendant filed a motion to correct his sentence pursuant to Practice Book § 43-22, which provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." In the motion, he asked the court to correct his sentence for violation of probation in the Norwalk file and to issue a revised mittimus reflecting his presentence confinement credit from June 4 to November 28, 2001. In his accompanying memorandum of law, the defendant claimed that (1) his sentence was imposed in an illegal manner because the state breached the plea agreement in violation of his federal and state constitutional rights to due process and (2) his sentence was illegal because it violated his constitutional right against double jeopardy.

The court held a hearing on the matter on June 22, 2007. At the outset, counsel for the defendant stated that a "motion to correct . . . must be filed before these claims can be pursued in a petition for a writ of habeas corpus . . . . [T]hat's why we're here, in order to preclude the state in a habeas [proceeding] from raising the claim of procedural default."[3] The court subsequently heard testimony from the defendant, his counsel in the violation of probation proceeding, Mary

---

[3] The record reveals that the defendant filed a petition for a writ of habeas corpus on October 4, 2006. That matter presently is pending.

Elizabeth Reid, and Michelle Deveau, a records specialist at the department. During the hearing, the state argued that the court lacked jurisdiction to correct the sentence because the sentence was not illegal at the time the court imposed it, as the decision regarding the addition of the 177 days to the original sentence was that of the department. The court agreed and denied the defendant's motion. From that judgment, the defendant now appeals.[4]

The defendant maintains that the court improperly concluded that it lacked subject matter jurisdiction over the motion to correct his sentence. The issue of subject matter jurisdiction presents a question of law over which our review is plenary. *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004).

"A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates." *State* v. *Casiano*, 282 Conn. 614, 624, 922 A.2d 1065 (2007). In order for the court to have jurisdiction over such a motion, the sentencing proceeding must itself be the subject of the attack. Id., 625; *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007). We agree with the court that neither the defendant's due process nor double jeopardy claims implicate the sentencing proceeding itself. The act allegedly giving rise to those violations was the addition of 177 days to his sentence by the department. As the court noted, the defendant attacks not the legality of the sentence imposed by the court during the sentencing proceeding but, rather, the legality of his sentence as subsequently calculated by the department.

---

[4] The defendant filed a motion to expedite the appeal, which this court granted.

In its brief, the state repeatedly argues that "the habeas court is the proper venue to bring the defendant's claims" and cites *Wright* v. *Commissioner of Correction*, 216 Conn. 220, 225–26, 578 A.2d 1071 (1990), *Casey* v. *Commissioner of Correction*, 215 Conn. 695, 697–98, 577 A.2d 1051 (1990), and *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 179–82, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996), in support of that proposition.[5] We agree with the state.

Because it is the act of the department in applying presentence confinement credit, and not the sentencing proceeding itself, that is the subject of the defendant's attack, we conclude that the court properly determined that it lacked subject matter jurisdiction over the defendant's motion to correct.

The judgment is affirmed.

---

[5] Despite that representation to this court, in her return to the defendant's amended petition for a writ of habeas corpus filed during the pendency of this appeal, the commissioner of correction nevertheless has alleged a procedural default on the part of the defendant for his alleged failure to appeal from the trial court's ruling on the motion to correct his sentence in the present case. We find that incongruity troubling.