******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RICARDO MONTANEZ
(AC 35264)

Gruendel, Sheldon and Pellegrino, Js.

*Argued January 16—officially released March 25, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Curran, J. [sale of a narcotic substance, failure
to appear judgments]; Barnett, J. [murder judgment];
Devlin, J. [motion to revise mittimus].)

*Darcy McGraw*, assistant public defender, for the
appellant (defendant).

*Adam E. Mattei*, deputy assistant state's attorney,
with whom, on the brief, was *John C. Smriga*, state's
attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Ricardo Montanez, appeals from the judgment of the trial court dismissing his motion to revise a judgment mittimus.[1] On appeal, the defendant claims that the court erred in finding that it lacked subject matter jurisdiction over the motion.[2] We affirm the judgment of the trial court.

The facts and procedural history are not in dispute. The defendant was charged with the sale of a narcotic substance in violation of General Statutes § 21a-277 (a) (drug case). In July, 1986, the defendant pleaded guilty to that charge. He posted bond and, as a result, he was not incarcerated prior to sentencing. Thereafter, in August, 1986, when the defendant failed to appear for sentencing on his drug case, he was ordered rearrested on the drug charge and was further charged with failure to appear in the first degree in violation of General Statutes § 53a-172 (a).

In November, 1986, before the defendant was rearrested and returned to custody, a second unrelated warrant was issued for his arrest on the charge of murder in violation of General Statutes § 53a-54a (a). The defendant initially fled to Puerto Rico, but in January, 1987, he was finally recaptured, extradited to the United States, and returned to state custody.

In September, 1987, the defendant pleaded guilty to the charge of failure to appear in the first degree. Thereafter, in October, 1987, he was sentenced by the court to consecutive terms of four years incarceration on the drug charge and one year incarceration on the failure to appear charge, for a total effective sentence of five years to serve. Subsequently, in May, 1988, a jury found the defendant guilty of murder, for which he was later sentenced, in July, 1988, to a term of forty years incarceration. The court ordered the defendant's murder sentence to run concurrently with his previously imposed sentences on the drug charge and the failure to appear charge, but the court was silent as to whether it intended him to receive presentence jail credit for the time he spent in pretrial custody on the murder charge.

The Department of Correction (department) initially deducted 526 days from the defendant's murder sentence to account for the time he had spent in pretrial custody from January 29, 1987, the date he returned to state custody, and July 8, 1988, the date on which he was sentenced for murder. Twenty-two years later, however, in a letter dated July 15, 2010, the department wrote to the defendant to inform him: "In December, 2004 [our] Supreme Court ruled on three court cases; *Harris* v. *Commissioner of Correction*, [271 Conn. 808, 860 A.2d 715 (2004)]; *Hunter* v. *Commissioner of Correction*, [271 Conn. 856, 860 A.2d 700 (2004)]; and *Cox* v. *Commissioner of* [*Correction*, 271 Conn. 844, 860 A.2d 708 (2004)]. In these cases the defendants wanted

presence credits to apply to concurrent sentences imposed on different days. There is language in the *Cox* decision that the statute that governs presentence credit, [General Statutes §] 18-98d, does not permit the [department] to transfer credits from one sentence to another. . . . For those inmates that had their presentence credits transferred to another sentence received on a different day, the presentence credits had to be removed and put back on the first sentence they were earned." The department then recalculated the defendant's murder sentence and added back the 526 days previously credited to him as presentence jail credit.

In August, 2012, the defendant filed a motion to revise his judgment mittimus. He claimed that his murder sentence was improper because it had been recalculated to require him to serve an extra 526 days in jail "due to the way in which the [department] applies the credit to the defendant's two cases." The state filed an objection to the motion, arguing that the criminal trial court no longer possessed jurisdiction. A hearing followed and, in August, 2013, the court dismissed the motion for lack of jurisdiction over the defendant's case for the purpose of modifying his sentence. In its memorandum of decision, the court stated in relevant part: "Absent some express authority that supplies continued jurisdiction, a trial court loses jurisdiction over a case when the defendant is committed to the custody of the [department] and begins serving the sentence. *State* v. *Luzietti*, 230 Conn. 427, 431–32, [646 A.2d 85] (1994); see also *State* v. *Das*, 291 Conn. 356, 361–62, [968 A.2d 367] (2009).

"The [defendant] cites to no authority that would provide the court with jurisdiction. . . . [C]ounsel for the defendant suggested that the motion should be construed as a motion to correct [an] illegal sentence filed pursuant to Practice Book § 43-22. In support of this position, the defense relies on *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, [937 A.2d 656] (2007). In *Orcutt*, however, the defendant was claiming that his sentence violated his right to be sentenced in accordance with the term of his plea agreement as mandated by *Santobello* v. *New York*, 404 U.S. 257, [92 S. Ct. 495, 30 L. Ed. 2d 427] (1971). Specifically, that the sentence as calculated by the [department] differed substantially from the sentence agreed to by the defendant, the prosecutor and the court. *Orcutt* v. *Commissioner of Correction*, supra, 729.

"Unlike *Orcutt*, the present motion is based not on a claimed violation of a plea agreement but rather on notions of fairness and justice. Stated differently, it is an equitable appeal rather than a legal one. The court lacks any general equitable authority to open a criminal judgment after the defendant has begun serving the sentence. *State* v. *Alegrand*, 130 Conn. App. 652, [23 A.3d 1250] (2011)."

The defendant then filed a motion to reconsider the court's ruling on his motion to revise the judgment mittimus, relying on the trial court decision in *State* v. *Torres*, Superior Court, judicial district of Hartford, Docket No. CR-94-0148154 (April 12, 2011) (*Gold, J.*). The court granted the motion for reconsideration, but denied the relief requested, reasoning as follows: "This court has considered the applicability of *State* v. *Torres*, [supra, Superior Court, Docket No. CR-94-0148154] to the defendant's motion. Although both cases involve claims for jail credit, this court finds *Torres* distinguishable for both legal and factual reasons. Legally, the basis of the court's assertion of jurisdiction in *Torres* was a claimed violation of a plea agreement. Judge Gold correctly found that such a claim may be raised in a motion to correct [an] illegal sentence filed pursuant to Practice Book § 43-22. *State* v. *McNellis*, 15 Conn. App. 416, 444, [546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441] (1988). Factually, the defendant in *Torres* first went to trial and later worked out a plea agreement for concurrent time. In the present case, the defendant first pled to the drug case for a five year agreed sentence and thereafter went to trial on the murder case. There was never a plea agreement on the murder case nor (as was the situation in *Torres*) a global plea agreement covering both cases." This appeal followed.

"Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 282 Conn. 791, 802, 925 A.2d 292 (2007). "If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 625, 822 A.2d 196 (2003). "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, supra, 802.

Our Supreme Court "has held that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). Practice Book § 43-22 is a narrow exception to this general rule. It provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence

imposed in an illegal manner or any other disposition made in an illegal manner." Practice Book § 43-22.

"Connecticut has recognized two types of circumstances in which the [sentencing] court has jurisdiction to review a claimed illegal sentence. The first of those is when the sentence itself is illegal, namely, when the sentence either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . The other circumstance in which a claimed illegal sentence may be reviewed is that in which the sentence is within the relevant statutory limits . . . but [is] imposed in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *Casiano*, 282 Conn. 614, 624 n.14, 922 A.2d 1065 (2007).

The United States Supreme Court in *Santobello* v. *New York*, supra, 404 U.S. 257, first described when a defendant may invoke a provision such as Practice Book § 43-22 to challenge a sentence imposed in an illegal manner for an alleged violation of his right that the government keep its plea agreement promises. The court in *Santobello* held that "the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello* v. *New York*, supra, 262.

The defendant claims that the court erred in finding that it lacked subject matter jurisdiction over his motion to revise the judgment mittimus because that motion properly raised a claim that his sentence had been imposed upon him in violation of the principles enunciated in *Santobello*. He argues that, at the time his murder sentence was imposed, he expected, and the sentencing judge understood and intended, that he would be given presentence jail credit on that sentence. He thus concludes that the court has subject matter jurisdiction to consider whether his sentence had been imposed upon him in an illegal manner.[3] The state, in contrast, argues that *Santobello* does not apply to the present case because the prosecution did not promise the defendant anything during or after his murder trial on which it has failed to deliver. We agree with the state.

A *Santobello* claim provides a remedy when the terms of a valid and enforceable plea agreement have not been upheld. *Santobello*, and the principles derived from it, are thus inapplicable to the present case. The defendant

did not enter into a plea agreement on his murder charge but decided, instead, to go to trial. Rather, he pleaded guilty only on the drug and failure to appear charges, which occurred prior to his murder trial and sentencing. In addition, the record does not reveal that the state made any promises to the defendant regarding the department's application of presentence confinement credit to his murder sentence. Furthermore, unlike the defendant in the present case, who filed a motion to revise a judgment mittimus after the trilogy of Supreme Court cases changing the way presentence credits may be administered, the defendant in *Santobello* objected to his sentence at his sentencing hearing and later appealed from his conviction. Id., 259. Because the circumstances in *Santobello* stand in stark contrast to the present circumstances, we conclude, as did the trial court, that *Santobello* does not apply. We also agree with the reasoned analysis of the trial court in finding *Orcutt* and *Torres* similarly distinguishable and inapplicable to the present case.

The defendant's motion is therefore not reviewable because it does not make a colorable claim under the rule of *Santobello*. Furthermore, because the defendant did not set forth any alternative basis to invoke the court's subject matter jurisdiction over his sentence, the present motion cannot be considered as the correction of an illegal sentence or a sentence imposed in an illegal manner. See *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 199 n.21, 982 A.2d 620 (2009) ("[i]n order for the court to have jurisdiction over a motion to correct an illegal sentence [under Practice Book § 43-22] after the sentence has been executed, the sentencing proceeding . . . must be the subject of the attack" [internal quotation marks omitted]). Our general rule that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, then, is dispositive. *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 37. The court, therefore, properly dismissed the case due to a lack of subject matter jurisdiction over the defendant's motion to revise the judgment mittimus.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] As our Supreme Court has explained, a judgment mittimus is "merely . . . a clerical document by virtue of which a person is transported to and rightly held in prison." *Commissioner of Correction* v. *Gordon*, 228 Conn. 384, 392, 636 A.2d 799 (1994).

[2] The defendant also claims that the court should reach the merits of his motion to revise the judgment mittimus and correct his sentence to reflect what he claims to have been the original agreement of the parties and the clear intent of the sentencing judge. Our resolution of the first claim makes it unnecessary for us to reach the second claim.

[3] The defendant also makes the same arguments that he made to the trial court, namely, that *Orcutt* v. *Commissioner of Correction*, supra, 284 Conn. 724, and *State* v. *Torres*, supra, Superior Court, Docket No. CR-94-0148154, are applicable and controlling in this matter.