******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JEROME RIDDICK
(AC 41803)

DiPentima, C. J., and Keller and Prescott, Js.

*Syllabus*

The defendant, who had been convicted, on guilty pleas, of the crimes of attempt to commit robbery in the first degree, conspiracy to commit robbery in the first degree and sale of narcotics, appealed to this court from the judgment of the trial court denying his motion to correct a judgment mittimus. He claimed that the court improperly denied his motion on the ground that he was not entitled to the presentence confinement credit he claimed. *Held* that because a petition for a writ of habeas corpus, rather than a motion directed at the sentencing court, is the proper method to challenge the Commissioner of Correction's application of presentence confinement credit, the trial court lacked jurisdiction over the defendant's motion and, therefore, should have dismissed it rather than denied it.

Argued October 7—officially released November 5, 2019

*Procedural History*

Substitute information, in the first case, charging the defendant with the crimes of attempt to commit robbery in the first degree and conspiracy to commit robbery in the first degree, and substitute information, in the second case, charging the defendant with the crime of sale of narcotics, brought to the Superior Court in the judicial district of Waterbury, where the defendant was presented to the court, *Damiani, J.*, on pleas of guilty; judgments of guilty in accordance with the pleas; thereafter, the court, *Hon. Ronald D. Fasano*, judge trial referee, denied the defendant's motion to correct a judgment mittimus, and the defendant appealed to this court. *Improper form of judgment*; *judgment directed.*

*Jerome Riddick*, self-represented, the appellant (defendant) filed a brief.

*Nancy L. Walker*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Patrick Griffin*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this appeal from the denial of a motion to correct a judgment mittimus, the defendant, Jerome Riddick, claims that the trial court improperly denied his motion on the ground that he was not entitled to the presentence confinement credit he claimed. We conclude that the court should have dismissed the motion rather than denied it because, as we previously have determined, a petition for a writ of habeas corpus, rather than a motion directed at the sentencing court, is the proper method to challenge the Commissioner of Correction's application of presentence confinement credit. See General Statutes § 18-98d; *State* v. *Montanez*, 149 Conn. App. 32, 41, 88 A.3d 575 (holding that court properly dismissed for lack of subject matter jurisdiction motion to revise judgment mittimus raising claim of misapplication of presentence confinement credit), cert. denied, 311 Conn. 955, 97 A.3d 985 (2014); *State* v. *Carmona*, 104 Conn. App. 828, 833, 936 A.2d 243 (2007) (habeas proceeding, rather than motion to correct illegal sentence, proper method to assert claim concerning presentence confinement credit), cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008). Accordingly, the court lacked jurisdiction over the defendant's motion and should have dismissed it rather than denied it.

The form of the judgment is improper, the judgment denying the defendant's motion to correct a judgment mittimus is reversed and the case is remanded with direction to render judgment dismissing the defendant's motion.