******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* PETER E. NUSSER
(AC 41937)

Lavine, Prescott and Harper, Js.

*Syllabus*

The defendant, who had been convicted, on guilty pleas, of the crimes of
larceny in the first degree, burglary in the third degree, and criminal
violation of a restraining order, appealed to this court from the judgment
of the trial court denying his second motion for presentence confinement
credit. The court had granted the defendant's first motion for presen-
tence confinement credit and, thereafter, issued a revised mittimus.
Subsequently, the defendant filed a second motion for presentence con-
finement credit and, at the hearing on that motion, defense counsel
informed the court that the Department of Correction had found the
revised mittimus problematic and would not credit the defendant's sen-
tence. The court denied the defendant's second motion, and this appeal
followed. On appeal, the defendant claimed that the court abused its
discretion in denying his second motion for presentence confinement
credit, that his sentence was illegal because it breached his plea agree-
ment with the state, and that the failure of the department to implement
the revised mittimus resulted in structural error and fundamental
unfairness in the sentencing process. *Held* that the trial court lacked
subject matter jurisdiction to hear the defendant's second motion for
presentence confinement credit: a petition for a writ of habeas corpus,
rather than a motion directed at the sentencing court, is the proper
method to challenge the application of presentence confinement credit;
the defendant never argued that there was an illegal sentence, illegal
disposition, or that the sentence was imposed in an illegal manner, and
he did not argue or present evidence demonstrating that his second
motion fell within the narrow grant of jurisdiction provided by the
applicable rule of practice (§ 43-22).

Argued January 6—officially released April 21, 2020

*Procedural History*

Informations charging the defendant, in the first case,
with the crimes of larceny in the first degree, burglary
in the third degree, and criminal mischief in the third
degree, and, in the second case, with seventeen counts
each of the crimes of criminal violation of a restraining
order and harassment in the second degree, brought to
the Superior Court in the judicial district of Danbury,
where the defendant was presented to the court, *Hon.
Susan Reynolds*, judge trial referee, on a plea of guilty
to larceny in the first degree, burglary in the third
degree, and one count of criminal violation of a restrain-
ing order, and the court rendered judgments in accor-
dance with the pleas; thereafter, the court denied the
defendant's motion for presentence confinement credit,
and the defendant appealed to this court. *Improper
form of judgment; judgment directed.*

*Deborah G. Stevenson*, assigned counsel, for the
appellant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Stephen J. Sedensky*,
state's attorney, and *Warren Murray*, supervisory assis-
tant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Peter E. Nusser, appeals following the trial court's denial of his second motion for presentence confinement credit. On appeal, the defendant claims that (1) the court abused its discretion in denying his second motion for presentence confinement credit, (2) the sentence he received, following the denial of his second motion, was illegal because it breached his plea agreement with the state, and (3) the failure of the Department of Correction (department) to implement the court's revised mittimus resulted in structural error and fundamental unfairness in the sentencing process. Because we conclude that the court lacked subject matter jurisdiction to hear the defendant's second motion, we remand the case to the trial court with direction to dismiss the motion.

The following facts and procedural history are relevant to our disposition of this appeal. On or about August 20, 2016, the defendant was arrested and charged with larceny in the first degree, burglary in the third degree, and criminal mischief in the third degree.[1] In conjunction with those charges, the court also issued a restraining order precluding the defendant from contacting the victim of those crimes. Because the defendant was unable to post bond, he remained incarcerated pending the resolution of the charges. During the month of September, 2016, the defendant violated the restraining order by telephoning the victim approximately sixteen times and by writing her a letter. The defendant was arrested for violating the restraining order on or about January 18, 2017, while he was still incarcerated pending the resolution of the initial charges.

On April 5, 2017, the defendant pleaded guilty to larceny in the first degree, burglary in the third degree and one count of violation of the restraining order, pursuant to a plea agreement. On that same day, in accordance with that agreement, the defendant was sentenced to 2 years and 1 day of incarceration, followed by 2 years and 364 days of special parole, with all sentences to run concurrently.

On August 15, 2017, the defendant filed a motion[2] with the court claiming that he was entitled to presentence confinement credit that should be applied to his sentence, which he was serving at the time the motion was filed. The defendant's motion was heard on October 18, 2017. During that hearing, the defendant asked the court to order the presentence confinement credit to run from September 2, 2016, the date on which he first violated the restraining order, rather than January 18, 2017, when he was arrested for that offense. After hearing little to no argument from either side, the court, *Hon. Susan Reynolds*, judge trial referee, agreed that the defendant, who was incarcerated at the time of the

restraining order violation, should not "pay the price for the delay in the service of the warrant" for the restraining order. The court granted the defendant's request and issued a new mittimus ordering that the defendant "gets credit to [September 2, 2016], absent any adverse action, per [department] rules."

Approximately six months later, the defendant filed a second motion for presentence confinement credit. On May 23, 2018, during the hearing on that motion, defense counsel informed the court that the department found the language in the October 18, 2017 revised mittimus to be problematic and, as a result, would not credit the defendant's sentence back to September 2, 2016. Specifically, according to defense counsel, the language "absent any adverse action, per [department] rules" was problematic because "[i]n [the department's] book that was enough to stop [it] from giving [the defendant] credit." Defense counsel further asserted that, "[i]f that phrase wasn't in [the mittimus], [the department would] . . . still be able to . . . give him the credit he's asking for." Hearing no argument against the motion from the state, the court said it would contact the department to better understand the problem. Later that day, the court denied the motion. This appeal followed.

"Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . If it becomes apparent to the court that such jurisdiction is lacking, the [the matter before it] must be dismissed. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law . . . [over which] our review is plenary . . . .

"Our Supreme Court has held that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22 is a narrow exception to this general rule. It provides that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner. . . .

"Connecticut has recognized two types of circumstances in which the [sentencing] court has jurisdiction to review a claimed illegal sentence. The first of those is when the sentence itself is illegal, namely, when the sentence either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . The other circumstance in which a claimed illegal sentence may be reviewed is that in which the sentence

is within the relevant statutory limits . . . but [is] imposed in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Montanez*, 149 Conn. App. 32, 38–39, 88 A.3d 575, cert. denied, 311 Conn. 955, 97 A.3d 985 (2014).

In the absence of either of the foregoing circumstances, this court previously has determined that "a petition for a writ of habeas corpus, rather than a motion directed at the sentencing court, is the proper method to challenge the Commissioner of Correction's application of presentence confinement credit." *State* v. *Riddick*, 194 Conn. App. 243, 244–45, 220 A.3d 908 (2019); see *State* v. *Montanez*, supra, 149 Conn. App. 41 (holding that court properly dismissed for lack of subject matter jurisdiction motion to revise judgment mittimus raising claim of misapplication of presentence confinement credit); *State* v. *Carmona*, 104 Conn. App. 828, 832–33, 936 A.2d 243 (2007) (habeas proceeding, rather than motion to correct illegal sentence, was proper method to assert claim concerning presentence confinement credit where "the defendant attacks not the legality of the sentence imposed by the court during the sentencing proceeding but, rather, the legality of his sentence as subsequently calculated by the department"), cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008).

In the present case, the defendant submitted two motions to the court requesting presentence confinement credit. Both motions were submitted several months after the defendant had been sentenced pursuant to his plea agreement and after he had begun serving his agreed upon sentence. Despite having granted the first motion, the court subsequently denied the second motion without explanation. It is the court's action on the second motion that is the subject of the present appeal.[3]

In his representations to the trial court, the defendant never argued that there was an illegal sentence, illegal disposition, or that the sentence was imposed in an illegal manner. See *State* v. *Montanez*, supra, 149 Conn. App. 38. To the contrary, the defendant simply asserted the fact that (1) there was an issue with the language of the mittimus, (2) he was already incarcerated—because he could not post bond for the charges of larceny, burglary, and criminal mischief—when he violated the restraining order, and (3) he was not arrested for that violation until four months after the violation occurred.[4]

The defendant never argued or presented evidence

demonstrating that his motion fell within the narrow grant of jurisdiction provided for in Practice Book § 43-22. Therefore, his second motion for presentence confinement credit should have been pursued through a petition for a writ of habeas corpus rather than a motion directed at the sentencing court. Put another way, the defendant's claims were pursued in the wrong forum. *State* v. *Montanez*, supra, 149 Conn. App. 41. Accordingly, we conclude that the court lacked subject matter jurisdiction over the defendant's motion.[5]

The form of the judgment is improper, the judgment denying the defendant's second motion for presentence confinement credit is reversed and the case is remanded with direction to render judgment dismissing the defendant's motion.

In this opinion the other judges concurred.

[1] The facts and circumstances involving these arrests and subsequent charges are not relevant to this appeal.

[2] Although the defendant labeled his pleading a petition, we treat it as a motion for presentence confinement credit.

[3] The fact that the court may have improperly exercised jurisdiction over the first motion has no bearing on whether it had jurisdiction over the second.

[4] Moreover, the defendant's second written motion included only the following, brief, request: "Last October the defendant requested an order addressed to [the department] to give him credit concurrently for both of these charges. The [c]ourt . . . granted that request on October 18 . . . . [The department] has since told counsel it cannot follow this order because it contains the words, 'absent any adverse actions per [department] rules.' The defendant therefore requests new mitts with those words deleted." Of note, even the defendant's first motion provided only the following: "The defendant, Peter Nusser, through his attorney, requests that this [h]onorable [c]ourt give him jail credit. Information to support this petition will be provided at the time this motion is heard." Neither of his written motions included argument or any legal analysis relating to the exceptions provided in Practice Book § 43-22.

[5] Additionally, to the extent that the defendant's brief can be read to be raising a claim that his plea agreement was breached, his counsel clarified at oral argument before this court that he was not challenging his sentence on that basis but, rather, that the sentence was illegal because it violated the agreement for credit. In accordance with our own jurisprudence, "[i]t is not appropriate to review an unpreserved claim of an illegal sentence for the first time on appeal. . . . Underlying this reasoning is our recognition that, pursuant to Practice Book § 43-22, the trial court may correct an illegal sentence at any time. . . . Consequently, the defendant has the right to file a motion to correct an illegal sentence with the trial court at any time." (Citations omitted; internal quotation marks omitted.) *State* v. *Crump*, 145 Conn. App. 749, 766, 75 A.3d 758, cert. denied, 310 Conn. 947, 80 A.3d 906 (2013). Because he never raised his claim before the trial court that his sentence was illegal, it would be inappropriate for this court to review this claim raised for the first time on appeal.